Ellis GASPARD, et ux., Plaintiffs,

v.

UNITED STATES of America, et al. Defendants.

Civ. A. No. 80–3748.

United States District Court, E. D. Louisiana.

July 16, 1982.

Frank A. Silvestri, New Orleans, La., for plaintiffs.

Cynthia J. Larsen, Torts Branch, Civ. Div., Dept. of Justice, Washington, D. C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BEER, District Judge.

### I. *Findings of Fact*

Plaintiffs, Ellis Gaspard and his wife, Opal Gaspard, filed a complaint on October 1, 1982, against the United States and certain named and unnamed federal defendants. Plaintiffs claim damages for injuries allegedly sustained as a result of plaintiff Ellis Gaspard's exposure to radiation from atomic weapons tests while a member of the United States Army serving at Camp

Desert Rock, Nevada, in 1945 or 1955. Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1331(a), contending that their action arises under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* They contend that, as a result of the willful or grossly negligent conduct of the defendants, Gaspard contracted cancer and other illnesses and further claim that no followup care or treatment was ever provided to Gaspard by defendants following the alleged radiation exposure. Opal Gaspard claims damages for loss of her husband's services, society and companionship.

The United States has moved to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure upon the grounds that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. The United States' motion to dismiss has been fully briefed and argued by both plaintiff and the United States.[1]

## II. *Conclusions of Law*

A. Plaintiffs' Claims are Barred by the *Feres* Doctrine

■ The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, constitutes a limited waiver of sovereign immunity and is the sole avenue for suit against the United States in tort. Absent a waiver of sovereign immunity, the federal courts are without subject matter jurisdiction to entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed.2d 1058, (1941); *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

■ The limited waiver of sovereign immunity provided by the Federal Tort

Claims Act does not extend to suits "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). *See also Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). The doctrine enunciated by the Supreme Court in *Feres* applies not only to negligence actions but also to suits alleging injury from intentional and constitutional torts, regardless of whether jurisdiction is alleged pursuant to the Federal Tort Claims Act or 28 U.S.C. § 1331(a). *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1152 (5th Cir. 1981); *Jaffee v. United States*, 592 F.2d 712, 716 (3rd Cir. 1979). The sovereign immunity of the United States to suit for injuries arising out of or incident to military service cannot be circumvented by the naming of individual military officials rather than United States as parties defendant. *See Jaffee v. United States*, 663 F.2d 1226 (3rd Cir. 1981).[2]

■ Plaintiff Ellis Gaspard was a member of the United States Army acting pursuant to military orders at the time of the incidents giving rise to the injuries alleged in plaintiffs' complaint. Therefore, because their alleged injuries out of activity incident to military service, plaintiffs' action is barred by the *Feres* doctrine, and their complaint must be dismissed in its entirety as the Court lacks subject matter jurisdiction to entertain it. This jurisdictional bar applies with equal force to preclude suits against the United States or individual defendants regardless of whether the case involves allegations of negligent acts or intentional or constitutional torts.

■ Plaintiffs rely upon a "post-discharge separate tort theory" as an avenue

---

1. For purposes of ruling on the United States' motion to dismiss, the Court has accepted the well-pleaded allegations of plaintiffs' complaint as true. *Sheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974).

2. The Third Circuit concluded that the policy underlying the Supreme Court's decision in *Feres* is even more compelling in suits brought against individuals as they "have a far greater potential for chilling responsible decision-making than those against the government." *Jaffee v. United States*, 663 F.2d 1226, 1234 (3rd Cir. 1981).

of escape from the *Feres* doctrine. Plaintiffs claim that the defendants failed to provide followup care or treatment after Gaspard was exposed to radiation and that this alleged failure constitutes a separate cause of action that is not barred by *Feres*. They further argue that defendants may have committed an independent post-discharge tort by failing to warn Gaspard of the dangers of radiation exposure that became known after Gaspard's discharge from military service. Plaintiffs, in essence, allege a "state-of-the art" duty to warn. Their argument in this regard must be rejected. The conclusion that plaintiffs' post-discharge claims are inseparable from their pre-discharge claims cannot be escaped. "The important and well-established principles of the *Feres* doctrine cannot be circumvented by inventive presentation or artful pleading which attempts to create an actionable post-discharge claim out of what is in reality a claim of continuing neglect." *In re Agent Orange Product Liability Litigation*, 506 F.Supp. 762, 779 (1980).

Even assuming *arguendo* that a failure to provide followup care and treatment constitutes an actionable tort separable from the initial wrongful act which plaintiffs contend occurred during the atomic testing, plaintiffs allege in their complaint that Gaspard remained in the Army four to five years after he was exposed to radiation. Therefore any failure of the government to warn of damages and to provide treatment first occurred while Gaspard was in the military and simply continued on after discharge. "Allegations of such continuing torts do not escape the bar of the *Feres* doctrine." *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1154 (5th Cir. 1981). *See, e.g., Broudy v. United States*, 661 F.2d 125 (9th Cir. 1981); *Lombard v. United States*, 530 F.Supp. 918 (D.D.C.1981); *Sweet v. United States*, 528 F.Supp. 1068 (5th Cir. 1981); *Bonner v. United States*, No. 81–16 (E.D.N.C. filed August 27, 1981), slip op. at 7; *Laswell v. Brown*, 524 F.Supp. 847 (W.D.Mo.1981); *Kelly v. United States*, 512 F.Supp. 356 (E.D.Pa.1981).

 Plaintiff Opal Gaspard's claim for loss of consortium and other damages, is also barred by *Feres* as its origin lies in her husband's barred incident-to-service claim. *Harrison v. United States*, 479 F.Supp. 529 (D.Conn.1979), *aff'd without opinion*, 622 F.2d 573 (2d Cir.), *cert. denied*, 449 U.S. 828, 101 S.Ct. 93, 66 L.Ed.2d 32 (1980).

Based upon the foregoing, defendant's motion to dismiss is granted and the complaint is dismissed in its entirety as the Court lacks jurisdiction over the subject matter of this action.