Betty LASWELL, et al., Plaintiffs,

v.

Harold BROWN, U.S. Secretary of Defense, et al., Defendants.

No. 80–4200–CV–C–W.

United States District Court, W. D. Missouri, C. D.

May 12, 1981.

Richard Huber, Washington, D. C., for plaintiffs.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., Bruce E. Titus, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER AND MEMORANDUM

### SCOTT O. WRIGHT, District Judge.

Plaintiffs have brought this action against the United States, the Department of Defense, the Defense Nuclear Agency, the Secretary of Defense, and the Director of the Defense Nuclear Agency to recover damages sustained by the disability and untimely death of Charles G. Laswell, plaintiffs' husband and father. Plaintiffs allege that the decedent's illness and death was directly caused by exposure to massive doses of low-level external ionizing radiation on Eniwetok Atoll, M.I. in 1947 and 1948, while he was a member of the U.S. Armed Forces.

Plaintiffs have brought this action under the Fifth and Fourteenth Amendments to the U.S. Constitution and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq. and 28 U.S.C. § 1346(b), alleging that defendants negligently, intentionally, and without due process of law subjected the decedent and his offspring to a high risk of disease and cellular damage and failed to warn decedent and his offspring that they had been exposed to such a risk. Defendants have moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants argue that plaintiffs have failed to exhaust their administrative remedies pursuant to 28 U.S.C. § 2675(a). Defendants further argue that the government is immune from liability in any event, because there has been no waiver of sovereign immunity. Plaintiffs argue that they have exhausted their administrative remedies and that the government cannot be immune from liability for intentional torts and violations of basic constitutional rights.

For the reasons stated, the defendants' motion to dismiss is sustained, and plaintiffs' complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## FACTS

Between December 15, 1947 and June 11, 1948, decedent was exposed to three atomic tests on Eniwetok Atoll, Marshall Islands. Each test bomb was exploded in the air while the decedent observed it from on deck aboard ship. He would return to Eniwetok Island after each blast. After the third blast, which was on Runnet Island, the decedent returned to that island to help build a pierced planking landing strip for light planes. The strip was built almost one mile from the blast site.

Plaintiffs claim that this exposure to low-level external ionizing radiation is responsible for decedent's illness, Hodgkins Disease, which is cancer of the lymph glands. Decedent's illness was diagnosed in January, 1975. Plaintiffs allege that decedent's illness and its treatment caused a general weakening of his condition which caused or contributed to cause a massive coronary infarction on September 1, 1979, which resulted in his death on that day.

## OPINION

Section 2675(a) provides that an action shall not be brought under the FTCA unless the claimant has first presented the claim to the appropriate federal agency, and this agency has denied the claim in writing. If the agency fails to make a final disposition of the claim within six months after it is filed, the claimant has the option of considering it a final denial by the agency. The plaintiffs made claims to the Defense Nuclear Agency for the same damages claimed in their complaint by a letter dated October 2, 1980. This suit was filed on October 3, 1980 before a final written agency determination was issued and before six months had elapsed. Defendants argue that plaintiffs failed to exhaust their administrative remedies, and the suit should be dismissed. The Court agrees that this suit was prematurely filed. However, it is unnecessary to dismiss it on this ground

because it is clear from the face of the complaint that plaintiffs have failed to state a claim upon which relief can be granted.

■ The defendants further argue that the government is immune from liability in this case because there has been no waiver of sovereign immunity. The United States, as sovereign, is immune from suit except as it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The United States waived its sovereign immunity from suits sounding in tort with the passage of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* The FTCA allows suit to be brought against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

■ Although the Act does not specifically exclude suits brought by servicemen and women, the United States Supreme Court in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), held that claims brought by military personnel against the United States which arose out of activities incident to service were excluded under the FTCA and barred. The *Feres* doctrine has been diligently applied by the federal courts, and most recently by the Eighth Circuit Court of Appeals in *Miller v. United States*, 643 F.2d 481 (8th Cir. 1981). Other courts have dismissed claims under the *Feres* doctrine in suits factually similar to this one. *Stanley v. Central Intelligence Agency*, No. 639 F.2d 1146 (5th Cir. 1981) (experimentation with LSD); *Jaffee v. United States*, 592 F.2d 712 (3d Cir. 1979) (exposure to nuclear radiation); *Everett v. United States*, 492 F.Supp. 318 (S.D. Ohio 1980) (exposure to nuclear radiation); *Schnurman v. United States*, 490 F.Supp. 429 (E.D.Va.1980) (exposure to toxic gas); *Thornwell v. United States*, 471 F.Supp. 344 (D.D.C.1979) (experimentation with LSD); *Nagy v. United States*, 471 F.Supp. 383 (D.D.C.1979) (experimentation with LSD).

■ The decedent was on active military duty at the time he was exposed to nuclear radiation. At the time of the actual blasts, he was on deck aboard his ship. Within a mile of one of the blast sites, he helped build a military landing strip for small planes. His exposure to this radiation was clearly incident to his military service within the meaning of the *Feres* doctrine, and plaintiffs' claims alleging that defendants intentionally, negligently, and without due process of law exposed decedent to a high risk of disease and cellular damage must be dismissed as to all defendants. Not only does the *Feres* doctrine bar suit against the United States by military personnel for injuries which arose out of activities incident to service, but it also bars suit against federal agencies, 28 U.S.C. § 2679, and all governmental employees, both military and civilian. *See Sigler v. LeVan*, 485 F.Supp. 185, 191 (D.Md.1980) and cases cited therein. Plaintiffs' characterization of the occurrence as a constitutional or intentional tort does not change the outcome. Courts have uniformly held that the *Feres* doctrine also bars suits for constitutional and intentional torts. *Citizens National Bank of Waukegan v. United States*, 594 F.2d 1154 (7th Cir. 1979); *Everett v. United States, supra; Schnurman v. United States, supra; Sigler v. LeVan, supra ; Schmid v. Rumsfeld*, 481 F.Supp. 19 (N.D.Cal.1979); *Thornwell v. United States, supra ; Nagy v. United States, supra ; Misko v. United States*, 453 F.Supp. 513 (D.D.C.1978).

■ Plaintiffs have also alleged that the defendants intentionally, negligently, and without due process of law failed to warn decedent and his offspring that they had been exposed to a high risk of disease and cellular damage and failed to provide preventive treatment, counseling and extensive medical services to combat the effects of the exposure. Although some courts have recognized similar claims as a separate tort

arising after discharge and, therefore, not barred by *Feres, Jaffee v. United States, supra; Everett v. United States, supra; Thornwell v. United States, supra;*[1] other courts have rejected such claims because they are barred by the *Feres* doctrine. *Stanley v. Central Intelligence Agency, supra; Schnurman v. United States, supra.* This Court finds that the latter view is more compatible with *Feres* because

> [t]he *Feres* doctrine ... is one of broad application. Disallowing recovery for an in-service tort under *Feres*, but allowing recovery for a failure to monitor and treat injuries resulting from that same tort would leave very little of *Feres* immunity, especially in cases where injuries do not manifest themselves until after a serviceman's discharge. *See Broudy v. United States,* Civ. No. 79–02626LEW(GX) (C.D.Cal., Jan. 2, 1980).

*Schnurman v. United States, supra,* 490 F.Supp. at 437. The failure to warn and the failure to provide preventive treatment and medical services to combat the effects of the exposure are continuations of the same tort, and these claims are barred by the *Feres* doctrine. The Court declines to follow *Jaffee, Thornwell,* and *Everett* to the extent that they are inconsistent with this opinion.

Finally, plaintiffs Robert, Patricia and Norita, decedent's children, have alleged that they have been personally damaged by their father's exposure to nuclear radiation because they too have been exposed to an abnormally high risk of disease and genetically passed cellular damage. *Feres* does not bar suit when the injured party is a civilian, *Sigler v. LeVan, supra,* and the decedent's children could bring suit against the United States under the FTCA for any injuries they have sustained. However, the complaint is conspicuously void of any allegations that the children have sus-

tained any damage other than the exposure to a higher *risk* of disease and cellular damage. A lawsuit for personal injuries cannot be based upon the possibility of some future harm. Therefore, decedent's children have failed to state a claim upon which relief can be granted, and this portion of the complaint must also be dismissed.

For the reasons stated, it is hereby

ORDERED that defendants' motion to dismiss is sustained, and plaintiffs' complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The parties will bear their own costs.

---

1. *Jaffee v. United States,* 592 F.2d 712 (3d Cir. 1979), held that failure to warn of the effects of nuclear radiation was an actionable claim against the government, but failure to provide medical treatment after discharge was not an actionable claim. *Everett v. United States,* 492 F.Supp. 318 (S.D.Ohio 1980), held that failure to warn of the effect of nuclear radiation was an actionable claim. *Thornwell v. United States,* 471 F.Supp. 344 (D.D.C.1979), held that failure to warn of the effects of LSD *and* failure to provide follow-up treatment after discharge were actionable claims against the government and not barred by *Feres.*