Jim BUELL, Plaintiff-Appellant,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant-Appellee.

No. 84–2288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1985.

Decided Sept. 19, 1985.

Joseph J. Weninger, James R. McCall, Crow, Lytle, Gilwee, Donoghue, Adler & Weninger, Sacramento, Cal., for plaintiff-appellant.

John H. Ernster, Thomas D. Peterson-More, Atchinson, Topeka & Santa Fe Railway Co., Los Angeles, Cal., for defendant-appellee.

Before SCHROEDER, NELSON, and REINHARDT, Circuit Judges.

SCHROEDER, Circuit Judge.

Jim Buell appeals from the district court's grant of summary judgment in favor of the Atchison, Topeka and Santa Fe Railway Company. The issue, one of first impression in this circuit, is whether a Railroad employee's wholly mental injury stemming from his railroad employment is compensable under the Federal Employer's Liability Act (FELA or the Act), 45 U.S.C. §§ 51–60 (1982).

Buell, a carman at the Railroad's Stockton Yard, was a member of the Brotherhood of Railway Carmen (the Union) and covered by a collective bargaining agreement between the Union and the Railroad. In October 1981, Buell had an emotional breakdown and was admitted to a hospital where he was diagnosed as suffering from major depression and a passive-aggressive personality disorder. He remained hospitalized for seventeen days and could not return to work until October 1982.

Buell alleges that his emotional breakdown was caused by the harassment, threats, and intimidation he suffered while employed at the Railroad. The primary source of this friction, he asserts, was his immediate supervisor, but he also alleges that fellow employees harassed, threatened, and intimidated him. The gravaman of Buell's complaint is that he was injured because his supervisor and co-workers intentionally and negligently harassed and abused him, and that the Railroad negligently failed to stop this harassment and abuse even after Buell and other workers complained about these actions to appropriate Railroad officials.

Section 1 of the FELA, 45 U.S.C. § 51, provides that "[e]very common carrier by railroad ... shall be liable in damages to [employees] ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier...." The FELA is a departure from the fellow servant rule and other limitations of the common law and seeks to adjust the cost of injury equitably between the worker and the Railroad. *Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326, 329–330, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958). The FELA "was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence." *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957) (foot-

note omitted), *quoted in Heater v. Chesapeake & Ohio Railway Co.,* 497 F.2d 1243, 1246 (7th Cir.), *cert. denied,* 419 U.S. 1013, 95 S.Ct. 333, 42 L.Ed.2d 287 (1974). Thus, the FELA views the railroad "as a unitary enterprise, its economic resources obligated to bear the burden of *all injuries* befalling those engaged in the enterprise arising out of the fault of any other member engaged in the common endeavor." *Sinkler, supra,* 356 U.S. at 330, 78 S.Ct. at 762 (emphasis added).

■ In light of this intended scope, the concept of "injury" under the FELA is extremely broad; the Act encompasses all reasonably foreseeable injuries which result from a railroad's failure to exercise due care with respect to its employees. *See* 32 Am.Jur.2d *Federal Employers' Liability and Compensation Acts* § 23 (1982), at 352.

■ Injuries compensable under the FELA are not limited to those arising from sudden accidents. In *Urie v. Thompson,* 337 U.S. 163, 186, 69 S.Ct. 1018, 1033, 93 L.Ed. 1282 (1949), the Supreme Court concluded that to be compensable under the Act, an "injury" need not be inflicted by "external, violent or accidental" means. The Court held that silicosis, an occupational disease caused by continuous inhalation of silica dust, is an "injury" as that term is used in the FELA "when it results from the employer's negligence." *Id.* at 180, 69 S.Ct. at 1030, 93 L.Ed. 1282 (1949). The Court recognized that the Congress, in enacting the FELA, primarily focused on injuries caused by sudden accidents. *Id.* at 181, 69 S.Ct. at 1030. But, the Court noted, such injuries "were not the only ones likely to occur." *Id.*

> On its face, every injury suffered by any employee while employed by reason of the carrier's negligence was made compensable. The wording was not restrictive as to the employees covered; the cause of injury, except that it must constitute negligence attributable to the carrier; or the particular kind of injury resulting.

*Id.* The Court went on to state that restrictive interpretation of the Act would conflict with the Act's purpose:

> restriction as to the kinds of employees covered, the degree of negligence required, or the particular sorts of harms inflicted, would be contradictory to the wording, the remedial and humanitarian purpose, and the constant and established course of liberal construction of the Act followed by this Court.

*Id.* at 181–82, 69 S.Ct. at 1030–31 (footnote omitted).

Relying on *Urie,* the court in *Randall v. Reading Co.,* 344 F.Supp. 879, 881–82 (M.D.Pa.1972), held the conduct of the employer or his agent giving rise to injury need not involve physical contact. In *Randall,* the jury found that the railroad negligently failed to furnish prompt medical attention to an employee who suffered a heart attack. The court denied the railroad's motion for a new trial or JNOV and noted that to recover under the FELA an employee need not suffer "bodily injury." To read such a precondition into the Act, the court stated, would "depart radically from the language of the statute itself and ... erect what amounts to an 'impact rule' for recovery under the [FELA]." 344 F.Supp. at 882. *See also Williams v. Atlantic Coast Line Rail Co.,* 190 F.2d 744, 748 (5th Cir.1951); *Miller v. Elgin, Joliet & Eastern Ry. Co.,* 177 F.2d 224 (7th Cir. 1949); *Stewart v. Baltimore & O.R. Co.,* 137 F.2d 527 (2d Cir.1943). These authorities support the conclusion that an injury compensable under the Act need not result from a physical impact.

■ Also relying on *Urie,* the California Supreme Court has expressly recognized that a mental injury may be compensable under the FELA. *See McMillan v. Western Pacific Railroad Co.,* 54 Cal.2d 841, 9 Cal.Rptr. 361, 357 P.2d 449 (1960). In *McMillan,* the plaintiff, a train dispatcher, alleged that his employer negligently subjected him to working conditions of unusual responsibility, stress and tension by requiring him to operate the railroad's central traffic control system. He alleged that the

stressful job conditions caused him to suffer a nervous breakdown which rendered him " 'sick, sore, lame and disabled.' " *Id.* at 841, 9 Cal.Rptr. at 361, 357 P.2d at 449. The California Supreme Court reversed the trial court's dismissal for failure to state a claim. The court noted that "injury" as used in the FELA "is not qualified by 'accidental' or 'bodily' or any other modifying word or words." *Id.* at 843, 9 Cal.Rptr. at 362, 357 P.2d at 450. It found the allegation in the complaint sufficient to state a FELA claim. *Id.* at 845, 9 Cal.Rptr. at 362–63, 357 P.2d at 450–51. We conclude that the complaint in this case similarly states a claim under the FELA.

The district court granted the Railroad's motion to dismiss because it believed that Buell's claim constituted a "minor dispute" within the exclusive jurisdiction of the National Railroad Adjustment Board (Adjustment Board) pursuant to the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188. *See* 45 U.S.C. § 153 First (i) (1982); *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 322–25, 92 S.Ct. 1562, 1564–65, 32 L.Ed.2d 95 (1972). It relied on a series of cases in which employees had been discharged and sought, in addition to lost wages in proceedings under the RLA, tort damages under state law for emotional injuries. *See Beers v. Southern Pacific Transportation Co.*, 703 F.2d 425 (9th Cir. 1983); *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367 (9th Cir.), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). *See also Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984); *Landfried v. Terminal Railroad Association*, 721 F.2d 254 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984). In each of these cases, a collective bargaining agreement between the railroad and the employee's union protected the employee from wrongful discharge. These cases

hold that the employee's exclusive remedy for a wrongful discharge claim which is premised on a collective bargaining agreement lies with the Adjustment Board. The Board may order reinstatement and payment of lost wages, but may not order damages for emotional injury. *See Sharkey v. Penn Central Transportation Co.*, 493 F.2d 685 (2d Cir.1974).

As we noted in *Magnuson*, if the gravaman of an employee's complaint is his wrongful discharge, "the complaint involves a minor dispute which must be arbitrated following the procedures of the R.L.A." *Magnuson*, 576 F.2d at 1369. We also noted that an employee "who believes he has a legitimate grievance will doubtless have some emotional anguish," *id.*, but "[a]rtful pleading cannot conceal the reality that the gravaman of the complaint is wrongful discharge." *Id.* We concluded that a controversy is a "minor dispute" within the exclusive jurisdiction of the Adjustment Board where "the alleged misfeasance of the Railroad employees is ... 'arguably' governed by the collective bargaining agreement or has a 'not obviously insubstantial' relationship to the labor contract." *Id.* at 1369–70.[1] In such cases, state law remedies are generally held to be preempted by the RLA.

The plaintiff in this case, however, is not seeking additional relief under state law for a matter cognizable under the RLA and within the exclusive jurisdiction of the Adjustment Board. Buell is suing under a federal statute, i.e., the FELA, for injuries he suffered at the workplace. His complaint does not constitute a "minor dispute" within the exclusive jurisdiction of the Board because it is neither related to the collective bargaining agreement nor arguably governed by its provisions. Adjudication of the complaint will not involve the district court in the interpretation or application of the collective bargaining agree-

1. This court recently stated that a "minor dispute" "involv[es] 'grievances over the "meaning or proper application of a particular provision" in a collective bargaining agreement....' " *International Association of Machinists & Aero-*

*space Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir.1985) (quoting *Air Line Pilots Association v. Texas International Airlines*, 656 F.2d 16, 20 n. 6 (2d Cir.1981) ).

ment any more than would any other suit under the FELA. The question before us is therefore not whether a state law claim is preempted by federal law but whether there is any reason under federal law to limit a railroad employee's right to relief under the FELA for emotional injury. We conclude that there is none.

The body of law which has developed under the RLA, upon which the Railroad relies, does not bar railroad employees from asserting claims under the FELA for mental, as opposed to physical, injuries. There is no rationale for such a holding. Indeed, damages for emotional distress accompanying physical injuries are recoverable in traditional FELA actions. *See Erie R. Co. v. Collins*, 253 U.S. 77, 87, 40 S.Ct. 450, 453, 64 L.Ed. 790 (1920); *Bullard v. Central Vermont Railway, Inc.*, 565 F.2d 193, 197 (1st Cir.1977). We hold that where an employee has suffered an injury attributable to employer negligence, the injury is compensable under the FELA regardless of its characterization as mental or physical.

Buell has stated a claim within the purview of FELA, and he is entitled to proceedings on the merits.

REVERSED AND REMANDED.