William HAGERTY, Plaintiff-Appellant,

v.

L & L MARINE SERVICES, INC., and Union Carbide Corp., Defendants-Appellees.

No. 85–3147.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1986.

Jack C. Benjamin, New Orleans, La., for plaintiff-appellant.

Timothy F. Burr, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for L & L Marine & Globe.

Robert M. Contois, Jr., Jeanmarie Lococo, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Union Carbide.

Before BROWN, REAVLEY and HILL, Circuit Judges.

## ON RECONSIDERATION BY THE COURT

### OPINION

REAVLEY, Circuit Judge:

We said in our prior writing that a plaintiff may recover damages for serious mental distress "with or without physical inju-ry" (*see* 788 F.2d 315, 318). This assumed an actionable injury and we intended no opinion as to the nature of the injury required to give rise to an actionable claim. *See Adams v. Johns-Manville Sales Corp.*, 783 F.2d 589, 593 (5th Cir.1986); Annot. 64 A.L.R.2d 100.

A member of the Court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor of it, it is ordered that the mandate issue forthwith.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL, and JONES.

JOLLY, Circuit Judge, with whom CLARK, Chief Judge, GEE, GARWOOD, HIGGINBOTHAM, DAVIS and JONES, Circuit Judges, join, dissenting from denial of petition for rehearing en banc:

The panel's modification of the original opinion eliminates potential ambiguity by expressly holding that there must be an actionable injury before a seaman can recover under the Jones Act. To my understanding, this change means that a seaman must show either a traumatic event giving rise to physical or mental injury, or physical injury resulting from the incremental effect of harmful substances. The modification eliminates the possibility that a seaman may recover for cancerphobia, without showing either physical injury or a traumatic event, simply because he served on a ship containing asbestos. Nevertheless, our court holds for the first time that a seaman may recover under the Jones act for only *fear* of contracting cancer, a fear not based on probability. The ramifications of this holding are worthy of en banc consideration.

I therefore respectfully dissent from the denial of en banc consideration of this case.