Anthony J. AMENDOLA, et al., Plaintiffs,

v.

KANSAS CITY SOUTHERN RAILWAY COMPANY, Defendant.

No. 88–0395–CV–W–3.

United States District Court, W.D. Missouri, W.D.

Nov. 14, 1988.

Michael P. McReynolds, Rerat Law Firm, Minneapolis, Minn., Mark W. Cowing, Barker, Rubin & Sonnich, Kansas City, Mo., for plaintiffs.

Harlan D. Burkhead, Michael W. Rhodes, Thomas A. Ryan, Lathrop Koontz Righter, Clagett & Norquist, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ.P., or, in the alternative, for a more definite statement. Plaintiffs have filed briefs in opposition to defendant's motion to dismiss. For the reasons stated below, defendant's motion to dismiss is GRANT- ED, and plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted.

This action arises under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 51, *et seq.* The nineteen plaintiffs are, or have been, employed by defendant railroad and allege that defendant caused plaintiffs to come into contact with asbestos and asbestos-containing materials during their employment. Plaintiffs are seeking to recover under the F.E.L.A. for (1) an increased susceptibility to asbestos-related diseases resulting from their exposure to asbestos [1] and (2) mental anguish resulting

---

1. In their complaint plaintiffs allege the following: "During the course of their employment, Plaintiffs were exposed to the asbestos and asbestos-containing materials, which has resulted in Plaintiffs' [sic] experiencing, or will result in Plaintiffs' [sic] experiencing in the future, asbestos-related diseases, great pain and suffering, mental anguish, wage loss, medical expenses, and other damages. In addition, Plaintiffs suffer mental anguish from the fear of contracting asbestos-related diseases." Defendant points out in its motion to dismiss that "said complaint fails to allege that any of the plaintiffs has [sic] been diagnosed as suffering from any asbestos-related disease or has [sic] otherwise manifested any asbestos-related injury compensable under the Federal Employers' Liability Act...." In plaintiffs' response to defendant's motion, plain-

from fear of contracting asbestos-related diseases in the future. Defendant maintains that plaintiffs fail to state a cause of action because (1) an F.E.L.A. action for asbestos-related injury does not exist unless plaintiffs allege a manifestation of injury and (2) no recovery can be had under the F.E.L.A. for mental anguish absent physical injury.

In testing the sufficiency of plaintiffs' complaint, this Court must accept all material allegations as true and construe them liberally in favor of plaintiffs. *Loge v. United States*, 662 F.2d 1268, 1270 (8th Cir.1981), *cert. denied*, 456 U.S. 944, 102 S.Ct. 2009, 72 L.Ed.2d 466 (1982). Only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" should the complaint be dismissed. *Loge,* 662 F.2d at 1270 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The scope of inquiry on a Rule 12(b)(6) motion is limited to the pleadings. *Central Telecommunications, Inc. v. City of Jefferson City,* 589 F.Supp. 85 (W.D.Mo.1984).

### I. *Increased Susceptibility to Asbestos–Related Diseases*

Plaintiffs contend that "[n]umerous courts ... have held that increased *susceptibility* to disease following exposure to toxic agents such as asbestos is a presently existing condition for which damages may be awarded". However, plaintiffs cite only the case of *Sterling v. Velsicol Chemical Corp.,* 647 F.Supp. 303 (W.D. Tenn.1986) in support of this proposition.

In *Sterling,* the district court found that persons residing near a chemical waste burial site could recover for the enhanced risk of liver and kidney disease and cancer. In reaching this finding, the *Sterling* court relied upon cases in which plaintiffs, who alleged permanent physical injury, were allowed to recover for the reasonably probable future effects of those injuries.[2] Furthermore, the *Sterling* plaintiffs alleged severe and permanent physical injuries resulting from their exposure to toxic waste. Thus, *Sterling* is distinguishable from the present case in which plaintiffs do not allege that they have sustained or manifested a physical injury as a result of their exposure to asbestos.[3]

*Sterling* does not aid the Court in determining the precise issue presented in this case, i.e., whether plaintiffs' alleged increased risk of contracting asbestos-related diseases in the future, absent a manifestation of physical injury, constitutes a sufficient present injury compensable under the F.E.L.A. In resolving this question, the Court should not rely solely on the law of any one state. Rather, the United States Supreme Court has instructed that federal decisional law, gleaned from common law developments, be applied to resolve the issue presented. *Urie v. Thompson,* 337 U.S. 163, 174, 69 S.Ct. 1018, 1026, 93 L.Ed. 1282 (1948); *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 1417, 94 L.Ed.2d 563 (1987).

In an effort to determine the applicable federal decisional law, this Court has conducted an extensive review of cases involving plaintiff(s) seeking to recover for in-

---

tiffs make it clear that they in fact are not alleging they are currently displaying actual symptoms of any asbestos-related disease by stating, "there is no need for Plaintiffs in the case at hand to plead onset of actual symptoms of asbestos-related disease to state a proper claim for recovery." Rather, plaintiffs claim that their increased susceptibility to asbestos-related diseases, absent any physical manifestation of an asbestos-related disease, is a sufficient present injury to allow recovery under the F.E. L.A.

**2.** *See Feist v. Sears Roebuck & Co.,* 267 Or. 402, 517 P.2d 675 (1973) (testimony established to a reasonable probability that child struck on head by falling cash register had increased suscepti-

bility to meningitis); *Schwegel v. Goldberg,* 209 Pa.Super. 280, 228 A.2d 405 (1967) (compensation awarded to plaintiff for enhanced risk of epilepsy caused by injuries sustained when plaintiff was struck by automobile); *Lindsay v. Appleby,* 91 Ill.App.3d 705, 46 Ill.Dec. 832, 838, 414 N.E.2d 885, 891 (1980) (plaintiff's increase in risk of injury caused by injuries sustained in motor vehicle collision was compensable).

**3.** This Court finds that the inhalation of asbestos fibers alone does not represent an actionable physical injury to plaintiffs. *See Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394, 412 (5th Cir.), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986).

creased susceptibility to disease or cancer due to exposure to toxic substances. In most of the cases involving a claim of increased risk, though, the plaintiff(s) alleged sustained permanent physical injury caused by the exposure to a toxic substance.[4] In its review, the Court has found no cases addressing the precise issue of whether an increased susceptibility to asbestos-related diseases is compensable under the F.E. L.A., absent allegations of any manifestation of physical injury. However, a few courts have dealt squarely with the question of whether increased susceptibility to future disease is by itself a compensable present injury in other contexts and thus provide guidance for this Court in its search for the applicable federal decisional law. These courts have consistently rejected "increased risk claims" that are not accompanied by allegations of physical injury.

In *Laswell v. Brown*, 524 F.Supp. 847 (W.D.Mo.1981), *aff'd*, 683 F.2d 261 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983), a widow and her children sought damages for the disability and death of their husband and father who was exposed to low-level radiation while on active military duty. The children also brought suit alleging that they had been personally damaged by their father's exposure to nuclear radiation, because it exposed them to an abnormally high risk of disease and genetically passed cellular damage. *Laswell*, 524 F.Supp. at 850. The district court noted that the decedent's children could bring suit against the United States under the Federal Tort Claims Act ("FTCA") for any injuries they had sustained. The court stated, however, that "the complaint is conspicuously void of any allegations that the children have sustained any damage other than the exposure to a higher *risk* of disease and cellular damage. A lawsuit for personal injuries cannot be based upon the possibility of some future harm." *Laswell*, 524 F.Supp. at 850. The court then found that the children had failed to state a claim upon which relief could be granted and dismissed that portion of the complaint. *Laswell*, 524 F.Supp. at 850.

The Eighth Circuit affirmed the district court. *Laswell v. Brown*, 683 F.2d 261 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). In *Laswell*, the Eighth Circuit rejected a claim for increased risk of disease under the FTCA absent allegations of present physi-

---

**4.** The courts allow an injured plaintiff(s) to recover for an increased susceptibility to cancer or other disease if the plaintiff(s) can establish a reasonable probability that the future consequences will actually develop. *See Dartez v. Fibreboard Corp.*, 765 F.2d 456 (5th Cir.1985) (plaintiff, who alleged he had sustained physical injury due to exposure to asbestos products, would be allowed to recover damages for diseases that might develop in the future only if he introduced expert testimony establishing a reasonable medical probability that such diseases would appear); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir.1986) (plaintiff, who allegedly had contracted asbestosis, was not allowed to introduce evidence of cancer risk because he could not establish a reasonable probability that cancer would develop); *Herber v. Johns–Manville Corp.*, 785 F.2d 79 (3rd Cir. 1986) (district court properly excluded evidence of present increased risk of possible future cancer where plaintiff, who was diagnosed as having pleural thickening of the lungs, could not establish he would more likely than not experience cancer in the future); *Gideon v. Johns–Manville Sales Corp.*, 761 F.2d 1129 (5th Cir. 1985) (plaintiff, who suffered from asbestosis, was allowed to present evidence of increased

risk of cancer because he established a reasonable medical probability of developing cancer); *Stites v. Sundstrand Heat Transfer, Inc.*, 660 F.Supp. 1516 (W.D.Mich.1987) (plaintiffs alleging injury from exposure to toxic chemicals failed to establish reasonable certainty of acquiring cancer in future); *Pollock v. Johns–Manville Sales Corp.*, 686 F.Supp. 489 (D.N.J.1988) (plaintiff, who allegedly suffered from disease which manifested itself as a thickening of the lung tissue, could not litigate the issue of increased risk of cancer because he could not show the risk was more probable than not); *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir.), *modified*, 797 F.2d 256 (1986) (plaintiff, who suffered physical injuries when soaked by toxic chemicals, could recover for increased risk of cancer only where he could show that toxic exposure more probably than not would lead to cancer); *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394 (5th Cir.), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986) (plaintiff suffering from asbestosis allowed to recover for risk of developing cancer since evidence adduced at trial indicated he had a greater than fifty percent chance of getting cancer).

cal injury. The *Laswell* opinion indicates that the Eighth Circuit would also dismiss plaintiffs' increased susceptibility claim in the present action because plaintiffs have failed to allege a present manifestation of physical harm.

In *Morrissy v. Eli Lilly & Co.,* 76 Ill. App.3d 753, 32 Ill.Dec. 30, 394 N.E.2d 1369 (1979), the plaintiff sought to bring a class action to recover for the heightened risk of contracting cancer or other diseases allegedly suffered by daughters of mothers who ingested diethylstilbestrol ("DES") during pregnancy. The plaintiff did not allege that any potential class members had actually sustained physical injury. The court found that the possibility of developing cancer or other injurious conditions in the future was an insufficient basis upon which to recognize a present injury. *Morrissy,* 32 Ill.Dec. at 37, 394 N.E.2d at 1376.

In reaching this finding, the court relied upon *Rheingold v. E.R. Squibb & Sons, Inc.,* No. 74–3420 (S.D.N.Y.1975). In *Rheingold,* the plaintiff sought to establish a class consisting of daughters exposed to risk of cancer and other conditions due to the use of DES during pregnancy by their mothers. The *Rheingold* court noted that the plaintiff did not allege present injury, only a present risk of injury. The court then stated:

> "Plaintiff, however, has no legal remedy in the absence of injury, nor do those whom she presumes to represent. The New York courts have uniformly held that injury and damage are essential to recovery in tort. [Citations.] The fact that plaintiff's daughter may suffer injury in the future does not satisfy the present requirement of injury or damage, nor does the fact that those persons whom she seeks to represent *may* suffer injury in the future create a present cause of action in them (emphasis in original)."

*Morrissy,* 32 Ill.Dec. at 36, 394 N.E.2d at 1375 (quoting *Rheingold,* Memorandum Opinion at 10).

The complaint in *Mink v. University of Chicago,* 460 F.Supp. 713, 719 (N.D.Ill. 1978) contained language very similar to the language contained in the present complaint. The plaintiffs alleged that DES "has or may cause reproductive tract and other abnormalities in themselves." The court pointed out that the complaint gave no indication that any of the named plaintiffs had actually suffered any abnormality. Instead, the "closest the complaint comes to alleging physical injury is the allegation of a 'risk' of cancer." *Mink,* 460 F.Supp. at 719. The court found that the mere fact of risk without any accompanying physical injury was insufficient to state a claim for strict products liability. The court stated, "Without more concrete allegations of injury to the named plaintiffs, the second count must be dismissed for failure to state a claim." *Mink,* 460 F.Supp. at 719.

In *Deleski v. Raymark Industries, Inc.,* 819 F.2d 377 (3rd Cir.1987), a decedent's widow brought suit against various asbestos manufacturers for the wrongful death of her husband. She also sought to recover for her own increased risk of developing asbestos-related diseases as a result of her exposure to asbestos particles in the home, but she failed to allege present physical injury. The Third Circuit held that under the relevant states' laws, plaintiff failed to state a claim upon which relief could be granted. The court found that under New Jersey law enhanced risk of disease was not compensable without a present physical manifestation of illness or injury. The "enhanced risk" claim also failed under Pennsylvania law which did not allow recovery for the mere possibility of future harm caused by a tortious act. *Deleski,* 819 F.2d at 380–81.

Dicta found in several opinions further indicates that a claim for increased risk of future disease without accompanying allegations of present physical injury is insufficient to state a claim for relief. In *Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129 (5th Cir.1985), the plaintiff alleged that he suffered from asbestosis and was likely to develop cancer as a result of his inhalation of asbestos fibers. The Fifth Circuit stated:

An actionable tort, whether based on negligence or strict liability, consists of two elements: a failure to act in accordance with the standard of care required by law and a resultant injury. While the sale of a defective product creates a potential for liability, the law grants no cause of action for inchoate wrongs. However egregious the legal fault, there is no cause of action for negligence or products liability until there is 'actual loss or damage resulting to the interests of another.'

While, therefore, 'the threat of future harm, not yet realized, is not enough,' once injury results there is but a single tort and not a series of separate torts, one for each resultant harm.

*Gideon*, 761 F.2d at 1136.

*Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394 (5th Cir.), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986), is another Fifth Circuit asbestos case. Jackson was diagnosed as suffering from asbestosis. *Jackson v. Johns–Manville Sales Corp.*, 727 F.2d 506, 509 (5th Cir.1984), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). The court allowed Jackson to recover for the increased risk of developing cancer because evidence adduced at trial indicated that he had a greater than fifty percent chance of getting cancer. However, the court noted that an actionable injury did not exist until the effect of inhaling asbestos fibers manifested itself as a physical injury. *Jackson*, 781 F.2d at 412. Jackson was permitted to recover for all probable future manifestations resulting from his exposure to asbestos only because he alleged a manifestation of physical injury caused by his exposure to asbestos. *Id.*

Finally, in *Brafford v. Susquehanna Corp.*, 586 F.Supp. 14 (D.Col.1984), the plaintiffs sought damages for present physical injuries and an increased risk of cancer stemming from their exposure to high levels of radiation. The court explained:

It is the law in the 10th Circuit as well as in other jurisdictions that an increased risk of cancer without an accompanying present physical injury is insufficient to state a claim for strict liability.... Accordingly, in order to recover future damages for enhanced cancer risk, plaintiffs must have suffered a definite, present physical injury. This requirement is premised in the principle of tort law that the plaintiff must establish an injury that is not speculative in order to recover damages.

*Brafford*, 586 F.Supp. at 17. The court then found that the plaintiffs had suffered subcellular damage sufficient to constitute a present physical injury.

■ It is evident from the preceding discussion that those courts which have directly or indirectly addressed the question of whether a claimant can recover for the increased risk of developing certain diseases absent al.legations of an accompanying physical injury have consistently rejected such claims. Accordingly, this Court finds that a claim for increased susceptibility to asbestos-related diseases is not compensable under the F.E.L.A. unless accompanied by allegations of a manifestation of physical injury caused by the exposure to asbestos. This holding is consistent with the weight of authority on this issue and with general principles of tort law. It is well accepted that an individual must suffer actual loss or damage to recover for the negligent acts of another. *See Plummer v. Abbott Laboratories*, 568 F.Supp. 920, 922 (D.R.I.1983). Thus, the Court's finding tracks the common law developments in this area as required by the United States Supreme Court in *Urie, supra.*

This finding is further supported by *Schweitzer v. Consolidated Rail Corp.*, 758 F.2d 936 (3rd Cir.), *cert. denied*, 474 U.S. 864, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985), which involved the issue of when a cause of action under the F.E.L.A. for asbestos-related injury comes into existence. In *Schweitzer*, former employees of reorganized railroads filed actions pursuant to the F.E.L.A. subsequent to the consummation dates of the railroads' reorganizations seeking to recover for asbestos-related injuries resulting from their employment. The employees' asbestos-related injuries

did not become manifest until after the relevant consummation dates. The court noted that if the employees had causes of action under the F.E.L.A. prior to the relevant consummation dates they had "claims" pursuant to section 77 of the Bankruptcy Act of 1898. The court stated that generally no cause of action in tort exists until a plaintiff has suffered identifiable compensable injury, quoting the following explanation from a leading treatise on tort law:

> Actual loss or damage resulting to the interests of another [is necessary elements of a negligence cause of action].... The threat of future harm, not yet realized, is not enough. Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered.

*Schweitzer*, 758 F.2d at 942 (quoting W. Prosser and P. Keeton, Prosser and Keeton on Torts at 165 (5th ed. 1984) (footnotes omitted)). The court then found that "subclinical injury resulting from exposure to asbestos is insufficient to constitute the actual loss or damage to a plaintiffs' interest required to sustain a cause of action under generally applicable principles of tort law." *Schweitzer*, 758 F.2d at 942.

Important policy considerations support the findings of the Third Circuit. The court stated:

> If mere exposure to asbestos were sufficient to give rise to F.E.L.A. cause of action, countless seemingly healthy railroad workers, workers who might never manifest injury, would have tort claims cognizable in federal court. It is obvious that proof of damages in such cases would be highly speculative, likely resulting in windfalls for those who never take ill and insufficient compensation for those who do. Requiring manifest injury as a necessary element of an asbestos related tort action avoids these problems and best serves the underlying purpose of tort law: the compensation of victims who have suffered. Therefore we hold that, as a matter of federal law, F.E.L.A.

action for asbestos-related injury do not exist before manifestation of injury.

*Id.* This Court is compelled to agree with the sound reasoning of the Third Circuit in the *Schweitzer* opinion. Plaintiffs in the present F.E.L.A. action do not allege that they have manifested any physical injury as a result of their contact with asbestos. Rather, plaintiffs are seeking to recover solely for an alleged increased susceptibility to asbestos-related diseases. This Court holds that an increased susceptibility claim, without manifest injury, is not compensable under the F.E.L.A. due to its highly speculative nature. Thus, plaintiffs' claim for damages for increased susceptibility under the F.E.L.A. is not a claim upon which relief can be granted and is dismissed.

## II. *Mental Anguish*

■ Plaintiffs also seek to recover under the F.E.L.A. for "mental anguish from the fear of contracting asbestos-related diseases." Plaintiffs do not allege either a precipitating physical injury causing the mental anguish or physical consequences caused by the mental anguish. Plaintiffs' claim for mental anguish raises essentially two issues: (1) whether the tort of negligent infliction of emotional distress is covered by the F.E.L.A. and, if so, (2) whether a "wholly mental injury", i.e., the negligent infliction of emotional distress without accompanying physical injury, illness or other physical consequences, is compensable under the F.E.L.A. Plaintiffs' second claim raises complex and unresolved questions of law under the F.E.L.A.

The United States Supreme Court recently touched on the question of whether "a railroad employee's 'wholly mental injury' is compensable under the F.E.L.A." *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 1417, 94 L.Ed.2d 563 (1987). In *Buell v. Atchison, Topeka and Santa Fe Ry. Co.,* 771 F.2d 1320 (9th Cir.1985), *aff'd in part, vacated in part,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), the Ninth Circuit found that a "wholly mental injury" is com-

pensable under the F.E.L.A.[5] and held that "where an employee has suffered an injury attributable to employer negligence, the injury is compensable under the F.E.L.A. regardless of its characterization as mental or physical." *Buell,* 771 F.2d at 1324. In reviewing the Ninth Circuit's holding, the United States Supreme Court simply noted that it did not agree or disagree with the merits of the court of appeals' discussion of the emotional injury issue. *Buell,* 107 S.Ct. at 1418. However, the Supreme Court did offer the following remarks on how to approach this issue:

> The question whether 'emotional injury' is cognizable under the FELA is not necessarily an abstract point of law or a pure question of statutory construction that might be answerable without exacting scrutiny of the facts of the case. Assuming, as we have, that FELA jurisprudence gleans guidance from common law developments, see *Urie v. Thompson,* 337 U.S. at 174, 69 S.Ct. at 1026, whether one can recover for emotional injury might rest on a variety of subtle and intricate distinctions related to the nature of the injury and the character of the tortious activity. For example, while most states now recognize a tort of intentional infliction of emotional distress, they vary in the degree of intent required to establish liability, and the level of physical manifestation of the emotional injury required to support recovery. Moreover, some States consider the context and the relationship between the parties significant, placing special emphasis on the workplace. In addition, although many States have now recognized a tort of negligent infliction of emotional distress, they too vary in the degree of objective symptomatology the victim must demonstrate. These issues are only exemplary of the doctrinal divergences in this area. In short, the question whether one can recover for emotional injury may not be susceptible to an all-inclusive 'yes' or 'no' answer. As in other areas of law, broad pronouncements in this area may have to bow to the precise application of developing legal principles to the particular facts at hand.

*Buell,* 107 S.Ct. at 1417–18.

■ An important threshold issue to be addressed is whether the F.E.L.A. even covers the tort of negligent infliction of emotional distress. In answering this question, the Court must glean guidance from common law developments. *Buell,* 107 S.Ct. at 1417. This Court finds that the tort of negligent infliction of emotional distress is covered by the F.E.L.A., because it is clear that the majority of states now recognize the tort. *See Buell,* 107 S.Ct. at 1418 ("many States have now recognized a tort of negligent infliction of emotional distress"); *Payton v. Abbott Labs,* 386 Mass. 540, 437 N.E.2d 171, 175–78 (1982) (listing the jurisdictions recognizing the tort of emotional distress). Furthermore, several federal courts have recently found that a claim for the negligent infliction of emotional distress is cognizable under the F.E.L.A. *See Taylor v. Burlington N.R.R.,* 787 F.2d 1309 (9th Cir.1986); *Bullard v. Central Vermont Ry.,* 565 F.2d 193 (1st Cir.1977); *Gillman v. Burlington Northern R. Co.,* 673 F.Supp. 913 (N.D.Ill.1987); *Halko v. New Jersey Transit Rail Operations, Inc.,* 677 F.Supp. 135 (S.D.N.Y.1987). This trend is consistent with the interpretation of the F.E.L.A. as a "broad remedial statute" requiring a "standard of liberal construction in order to accomplish [Congress'] objects." *Buell,* 107 S.Ct. at 1414 (quoting *Urie v. Thompson,* 337 U.S. 163, 180, 69 S.Ct. 1018, 1030, 93 L.Ed. 1282, 93 L.Ed. 1282 (1949)).

Unfortunately, the Court's determination that a claim for the negligent infliction of emotional distress is cognizable under the F.E.L.A. does not complete the analysis. In fact, the more difficult question remains to be answered, i.e., whether plaintiffs in

---

**5.** The plaintiff complained that he was injured when his employer negligently failed to stop the plaintiff's coworkers from harrassing him. In its opinion, the Ninth Circuit treated plaintiff's injury as "wholly mental." However, the Supreme Court noted that the plaintiff might not have suffered pure emotional injury at all, because of some evidence that he had suffered physical symptoms in addition to his psychological illness. *Buell,* 107 S.Ct. at 1418 n. 22.

this action may recover for pure emotional distress without accompanying physical injury, illness or other physical consequences. For the following reasons, this Court finds that a claim under the F.E.L.A. for emotional distress, negligently caused, must be accompanied by allegations of physical harm which either caused or was caused by the emotional distress.

In reaching this finding, the Court looked first to those cases which specifically discussed the recoverability of pure emotional distress claims under the F.E.L.A.[6] These cases provided little guidance in resolving this issue, however, because the courts do not agree on the question of whether the F.E.L.A. compensates "wholly mental" injuries. Two cases decided prior to *Buell* fall at opposite ends of the spectrum. In *Taylor v. Burlington Northern R.R. Co.*, 787 F.2d 1309 (9th Cir.1986), a former railroad employee brought an action under the F.E.L.A. alleging harassment by a railroad foreman had caused him to develop paranoid schizophrenia. Following its previous holding in *Buell*, the Ninth Circuit stated that the employee could recover under the F.E.L.A. for wholly mental injury. *Taylor*, 787 F.2d at 1313. *Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807 (7th Cir.1985), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987), actually involved the tort of intentional infliction of emotional distress. However, the Seventh Circuit stated broadly that the F.E.L.A. does not create a cause of action for tortious harms brought about by acts that lack physical contact or the threat of physical contact. *Lancaster*, 773 F.2d at 813.

*Adkins v. Seaboard System R.R.*, 821 F.2d 340 (6th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987), was decided soon after the United States Supreme Court handed down *Buell*. Like the plaintiff in *Lancaster*, the plaintiff in *Adkins* sought to recover for the intentional infliction of emotional distress, but he did not allege physical injury. The Sixth Circuit held "that this claim of an intention-

al tort resulting in a pure emotional injury is not cognizable under the FELA." *Adkins*, 821 F.2d at 342.

In *Bullard v. Central Vermont Ry.*, 565 F.2d 193 (1st Cir.1977), the First Circuit found that only mental suffering resulting from physical injury was compensable under the F.E.L.A. *Bullard* was later relied upon in *Moody v. Maine Central R.R. Co.*, 620 F.Supp. 1472, 1473 (D.Me.1984), *aff'd*, 823 F.2d 693 (1st Cir.1987), to support the district court's holding that "there can be no recovery for emotional disturbance under the F.E.L.A. without some *precipitating* physical injury" (emphasis in original). On appeal, however, the First Circuit noted that the Supreme Court's decision in *Buell* throws doubt on the *Bullard* doctrine that damages may not be awarded for mental or emotional injuries unaccompanied by physical injury. *Moody v. Maine Central R.R. Co.*, 823 F.2d 693, 694 (1st Cir.1987). The court of appeals stated, "We discern from the *Buell* opinion an attempt to leave the door to recover for wholly emotional injury somewhat ajar but not by any means wide open." *Moody*, 823 F.2d at 694.

Finally, *Gillman v. Burlington Northern Railroad Co.*, 673 F.Supp. 913 (N.D.Ill. 1987), a case decided after *Buell*, involved a railroad employee's claim that he suffered emotional distress when the railroad negligently caused an accident that killed a fellow employee. The district court held that the negligent infliction of emotional distress is covered by the F.E.L.A. However, the court then found it necessary to impose a limiting principle upon the recovery of a bystander under the F.E.L.A. for emotional distress. The court looked to state law and adopted the "zone of physical danger" rule which limits the employer's liability to only those employees who were actually placed in danger. The court stated that this limitation was necessary to avoid a "flood of claims". *Gillman*, 673 F.Supp. at 917.

The discussion of the preceding federal cases is useful only in that it demonstrates

---

**6.** In some of the cases allowing claims for the negligent infliction of emotional distress under the FELA, the plaintiff(s) had suffered physical harm. *See Halko v. New Jersey Transit Rail Operations, Inc.*, 677 F.Supp. 135, 139 (S.D.N.Y. 1987) ("In this case, there certainly is a physical manifestation of the emotional distress which quite clearly was not trivial or imagined.").

the lack of agreement on the issue of whether some physical harm is necessary to recover under the F.E.L.A. for emotional distress. Thus, this Court chooses to follow the instructions of the United States Supreme Court in *Buell* to look to "common law developments" for guidance on the question of whether a "wholly mental injury" is compensable under the F.E.L.A.

A leading treatise on tort law sheds light on the current status of this area of tort law by stating that "where the defendant's negligence causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, and in the absence of some other independent basis for tort liability, the great majority of courts still hold that in the ordinary case there can be no recovery." W. Prosser and P. Keeton, Prosser and Keeton on Torts § 54 at 361 (5th ed. 1984).[7] Only a "handful of courts" permit a general negligence cause of action for the infliction of serious emotional distress without regard to whether the plaintiff suffered any physical injury or illness as a result. *Id.* at 364–65.

*Payton v. Abbott Labs,* 386 Mass. 540, 437 N.E.2d 171 (1982), provides a well-reasoned and detailed approach to the question whether emotional distress should be compensable absent physical harm. In *Payton,* DES daughters sought relief from certain DES manufacturers for emotional distress resulting from the increased likelihood that they would suffer serious disease in the future. The court compiled an extensive list of the jurisdictions requiring physical harm as a precondition to recovery for emotional distress and those jurisdictions requiring emotional distress to be physically manifested in order to be compensable. *Payton,* 437 N.E.2d at 175 n. 5. The court noted that only a minority of jurisdictions allow recovery for the negligent infliction emotional distress without proof of physical harm. The court concluded, after an exhaustive look at the development of this area of tort law, that a plaintiff must "allege and prove she suffered physical harm as a result of the conduct which caused the emotional distress" in order to recover for negligently inflicted emotional distress. *Payton,* 437 N.E.2d at 181. "The physical harm must either cause or be caused by the emotional distress alleged." *Payton,* 437 N.E.2d at 181. The court reasoned that this requirement would limit frivolous suits and provide a reasonable safeguard against false claims. The court stated:

> Although cases may arise in which the emotional distress absent physical harm may not be temporary or slight, nothing before us indicates that most such claims are not of that character. We are unwilling, therefore, to impose upon the judicial system and potential defendants the burden of dealing with claims of damages for emotional distress that are trivial, evanescent, temporary, feigned, or imagined, in order to ensure that occasional claims of a more serious nature receive judicial resolution....

*Payton,* 437 N.E.2d at 180.

■ This Court agrees with the rationale in *Payton* and finds that a plaintiff seeking to recover under the F.E.L.A. for the negligent infliction of emotional distress must introduce evidence that he or she has suffered physical harm as a result of the conduct which caused the emotional distress. The requisite physical harm is not limited to physical injury causing the emotional distress. It is also sufficient if the F.E.L.A. claimant can establish physical harm caused by the alleged emotional distress. This finding is consistent with the overwhelming weight of authority on this issue. Furthermore, it is in accord

---

7. *See also* Restatement (Second) of Torts § 436 (1965) (if negligent conduct results in emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance); *Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129 (1985) (Texas law permits recovery of damages for mental anguish when there's actual physical injury); *Tysenn v. Johns–Manville Corp.,* 517 F.Supp. 1290, 1294 (E.D.Pa.1981) (under New Jersey law, if fear of injury does not result in bodily injury or sickness, it is too speculative to be compensable); *Johnson v. Armstrong Cork Co.,* 645 F.Supp. 764, 769 (W.D.La.1986) (fear of contracting disease admissible when there is an actionable injury); *Stites v. Sundstrand Heat Transfer, Inc.,* 660 F.Supp. 1516, 1527 (W.D. Mich.1987) (to recover for fear of cancer, plaintiffs must establish that emotional distress has manifested itself in definite physical injury).

with the "common law developments" regarding the tort of the negligent infliction of emotional distress. The physical harm requirement is a necessary limitation on the ability to recover under the F.E.L.A. for the fear of contracting asbestos-related diseases. This requirement will serve to limit trivial, frivolous or premature claims. The Court has declined to adopt the strictest variation of the tort of negligent infliction of emotional distress which requires a physical injury as a *precondition* to recovery for emotional distress. The rule adopted by the Court is a moderate rule which will allow plaintiffs to pursue meritorious claims under the F.E.L.A. for the negligent infliction of emotional distress while keeping the floodgates intact. The plaintiffs in this action have not alleged physical harm either causing or caused by their fear of contracting asbestos-related diseases. Thus, plaintiffs fail to state a claim upon which relief may be granted under the F.E.L.A. Plaintiffs' claim for mental anguish due to their fear of contracting asbestos-related diseases is hereby dismissed.

### Conclusion

Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is hereby GRANTED, and plaintiff's complaint is dismissed.

IT IS SO ORDERED.