**Nicholas GIAMMONA, Plaintiff,**

v.

**METRO–NORTH COMMUTER RAILROAD, Defendant.**

**No. 89 Civ. 7170 (WK).**

United States District Court, S.D. New York.

Nov. 14, 1990.

---

Charles C. Goetsch, Cahill, Goetsch & DiPersia, P.C., New Haven, Conn., for plaintiff.

Richard J. O'Keeffe, O'Keeffe, Kline & McCaffrey, White Plains, N.Y., for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

This case arises under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). In his complaint, plaintiff Giammona alleges that exposure to asbestos fibers has initiated a "scarring process" in his lung tissue, and seeks to recover damages for emotional harm and the costs of continuous medical treatment caused by defendant's negligence or outrageous conduct. Defendant moves pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that under FELA there can be no recovery for emotional harm absent some showing of actual physical injury. For the reasons which follow, we deny this motion.

## BACKGROUND

Plaintiff, an employee of the defendant Metro–North Commuter Railroad (hereinafter "Metro–North"), alleges that Metro–North failed to provide a safe work environment in that it required that he be exposed to harmful levels of asbestos without providing him with protective clothing or warning him of the inherent dangers. The complaint asserts that as a result of the defendant's negligence or outrageous conduct plaintiff was forced "to inhale and/or ingest into the tissue of his lungs and body harmful amounts of hazardous materials, including, but not limited to asbestos ...", Compl. ¶¶ 14, 29, 42, and that as a result of this exposure he has suffered "an invasion of asbestos fibers into his lung tissue and body that has initiated a scarring process in his lung" setting in motion an injurious physical process that renders him more susceptible to developing a variety of diseases. Compl. ¶¶ 15, 30, 43. Consequently plaintiff pleads that he has and will "suffer mental anguish and emotional distress and anxiety due to the possibility and/or probability of contracting asbestos-related diseases", Compl. ¶¶ 17, 32, 45, and that he has and will incur continuing medical expenses for the testing and monitoring of his medical condition. Compl. ¶¶ 18, 33, 46. Plaintiff expressly concedes that—as of the filing of the complaint in this action—he can not allege a clinically diagnosed condition of asbestosis, or any other asbestos-related disease or illness, and he accordingly disclaims attempting to recover damages for any such future illness. Compl. ¶¶ 19, 34, 47.

Defendant contends that unless plaintiff can presently allege a clinically diagnosed condition of asbestosis or any other asbestos-related disease or condition, this claim should be dismissed. Citing *Amendola v. Kansas City Southern Railway Co.* (W.D. Mo.1988) 699 F.Supp. 1401, defendant argues that mere exposure to asbestos is not a cognizable injury under FELA, and that

no recovery can be had thereunder for mental anguish absent physical injury.

## DISCUSSION

We note at the outset that we find it unnecessary—at this juncture—to address the question of whether a FELA plaintiff can recover for emotional distress absent some showing of physical harm. Accepting all material allegations of the complaint as true, as we must for purposes of this motion, we find that in the instant action plaintiff has alleged actual physical injury, namely that he has suffered "a scarring process in his lung tissue and body." Compl. ¶¶ 15, 30, 43. Although the asserted harm to plaintiff's lungs may not rise to the level of a clinically diagnosed disease, it does suffice to differentiate this case from *Amendola* where the court held only that the mere inhalation of asbestos fibers, alone, does not represent an actionable physical injury. *Amendola*, 699 F.Supp. at 1403 & n. 3; *cf. Atchinson T. & S.F.R. Co. v. Buell* (1986) 480 U.S. 557, 570, 107 S.Ct. 1410, 1418, 94 L.Ed.2d 563 (holding that the determination of what level, if any, of physical harm which a FELA plaintiff needs to prove to support a claim of emotional harm must be determined on a case by case basis).

Accordingly, guided by the Supreme Court's pronouncement that the term "injury" should be broadly construed under FELA, *Urie v. Thompson* (1949) 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, we find that the allegation that plaintiff has suffered a detrimental physical change in his body tissue would, if substantiated, be sufficient to support recovery for emotional harm under FELA. *Cf. Hagerty v. L. & L. Marine Services, Inc.* (5th Cir.1986) 788 F.2d 315.

SO ORDERED.