Pat FINN, Administratix, Plaintiff,

v.

CONSOLIDATED RAIL CORP.,
(Defendant/Third Party
Plaintiff),

v.

BOSTON & MAINE RAILROAD,
Third-Party Defendant.

Civ. A. No. 80–1633–Mc.

United States District Court,
D. Massachusets.

June 12, 1985.

**42**

Philip J. Crowe Jr., Lubin & Meyer, Boston, Mass., for plaintiff.

Michael A. Fitzhugh, Fitzhugh & Ward, Boston, Mass., for Consolidated Rail Corp.

Robert D. O'Leary, Quincy, Mass., for Boston & Maine Corp.

## MEMORANDUM AND ORDERS ON MOTIONS TO DISMISS

McNAUGHT, District Judge.

This action came on to be heard on two separate motions. The defendant Consolidated Rail Corporation (Conrail) filed a motion to dismiss which shall be treated as a motion for summary judgment. The third-party defendant Boston & Maine Railroad (B. & M.) filed a separate motion for summary judgment.

Briefly, the facts are these. The plaintiff's intestate, Edward Finn, worked as a railroad employee for almost 35 years. In 1977 he had worked recently as an employee of Conrail. There was a takeover of the route on which Mr. Finn had been working, by the B. & M. When that happened, B. & M. agreed to accept as many employees from Conrail as possible, subject to some restrictions, and a set of procedures was outlined for the Conrail employees to follow, in order to make the transition. They had to undergo a physical examination, including an eye test, and an interview. Mr. Finn understood when he made application to become an employee of the B. & M. that he would be informed if he failed one of those tests. He was not so notified, but when a list of hired employees was posted by the B. & M., his name was not on it. The plaintiff asserts that a mixup had occurred: that an employee of Conrail had mixed this Mr. Finn with a different Mr. Finn; that by reason of the error in record keeping, the B. & M. was led to believe that this Mr. Finn had a spotty service record, instead of a perfectly clean one. The interview and test had taken place June 14, 1977. Mr. Finn learned that he had not been awarded a job on either June 20 or June 21st, 1977. The papers filed in support of and in opposition to these motions indicate that if there was any negligence involved with respect to the record keeping it was negligence on the part of Conrail through its employee. Mr. Finn, according to his counsel, was "crushed by the loss of his job". He searched for a reason. He enlisted the aid of his union. He was told that a disciplinary violation attributable to the other Mr. Finn had been the reason for the denial of the job. Conrail in effect apologized to him. When the misunderstanding was cleared up Mr. Finn was hired by the B. & M. He began, however, seeing a psychiatrist because of depression, and he delayed his return to work until September of 1977. Within two weeks afterward, he took his own life.

His administratrix subsequently brought this action under the Federal Employers' Liability Act (FELA) claiming responsibility on the part of Conrail, on July 20, 1980. Defendant Conrail's position in part is: one cannot recover for emotional distress, unless there is some causally related compensable physical injury. In support of this proposition, Conrail cites *Bullard v. Central Vermont Ry.*, 565 F.2d 193 (1st Cir. 1977). There the Court stated, at p. 197: "The jury was therefore entitled to compensate Gonyer for the elements of mental distress properly attributable to this accident, limited, of course, to those of which there was competent evidence. (Gonyer suffered an injury to his foot.) These elements included, on this record, Gonyer's fright just before the accident, when collision was imminent and he jumped, and his terror just after the trains collided. The jury was not, however, entitled to compensate him for his sadness at the passing of his friends, nor, given the complete absence of meaningful evidence of mental or nervous after-effects, was the jury entitled to compensate for those elements....".

Judge (now Chief Judge) Campbell quoted from *Sullivan v. Old Colony Street Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091 in which the Supreme Judicial Court of Massachusetts held that mental suffering for which damages can be recovered is limited to that which results to the person injured as the necessary or natural consequence of a physical injury. He stated that: "FELA cases indicate that mental distress is compensable on a basis similar to that in Massachusetts and other common law jurisdictions".

■ Here there was no physical injury. There was at most a record keeping error on the part of Conrail, the deceased's employer. That mixup made it appear that Mr. Finn's record was tarnished whereas it was actually spotless. *Assuming* that it precipitated his depression, and that his self destruction followed, there can be no recovery under the FELA, applying the principle enunciated in *Sullivan* and *Bullard*. Summary judgment must be granted in favor of defendant Conrail.

Conrail argued further, in a veritable mountain of material which it submitted, that a jury, on the evidence most favorable to plaintiff, could not find an error on the part of Conrail record keeping clerks: that there is an absence of probative facts to that effect. I disagree. The deposition material of one Claude McGray and the application of reasonable inference would permit a fact finder to arrive at such a conclusion.

■ The defendant B. & M. is entitled to summary judgment. Since Conrail is not liable the third-party action falls. B. & M. at any rate would not be liable on an indemnification theory here, even if there were liability on the part of Conrail. There is nothing by way of contract that could give rise to a duty to indemnify. Incidentally, Conrail made no such argument. Conrail insists, however, that it would be entitled to indemnity from B. & M. on a "tort-based theory": the theory that the whole loss should be shifted to the "more guilty" of two joint tort-feasors, citing *Federal Deposit Insurance Corp. v. Caolo*, 478 F.Supp. 1185 (1979) *Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.*, 693 F.2d 1 (1st Cir.1982) and the case of *Stewart v. Roy Bros., Inc.*, 358 Mass. 446, 265 N.E.2d 357 (1970). The entire argument is bottomed on the proposition that the B. & M. was responsible for the record keeping error, and that Conrail could be liable only vicariously. The short answer to this argument is that there is absolutely nothing in all of this material which would allow a jury to conclude that there was either affirmative or negative conduct on the part of B. & M. involving clerical error or any other type of negligence. Even if defendant Conrail were denied summary judgment I would grant it in favor of the third party defendant. It is appropriate to add that if the plaintiff sought to recover directly against the B. & M. under the FELA (which plaintiff did not) plaintiff would lose, since the act complained of occurred at a time when there wasn't even an employment relationship between plaintiff's decedent and the B. & M. Two other matters are worthy of mention only. Although these comments may seem superfluous, I am content that this Court has jurisdiction over the subject matter, and would not dismiss the complaint for lack of the same. Secondly, if faced with the necessity, I would deny defendant's motion as it is based on a statute of limitations argument.