Donald C. **MOODY**, Plaintiff,

v.

**MAINE CENTRAL RAILROAD COMPANY**, Defendant.

Civ. No. 84-0415 P.

United States District Court, D. Maine.

Nov. 6, 1985.

Joanne F. Cole, W. John Amerling, Amerling & Burns, Portland, Me., Stephen M. Kerwin, McClung, Peters, Simon & Arensberg, Albany, N.Y., for plaintiff.

Ralph I. Lancaster, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendant.

## ORDER

GENE CARTER, District Judge.

Presently before the Court is Defendant Maine Central Railroad Company's ("Maine Central") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Maine Central's motion is in response to an action brought against it by Plaintiff Donald Moody under the Federal Employers Liability Act ("FELA"), 45 U.S.C. 51, *et seq.*, alleging that the Plaintiff suffered injuries as a result of the negligent acts and omissions of the Defendant. The Court finds no genuine issue of material fact with respect to these claims and, therefore, grants the Motion for Summary Judgment.

Although not specified in the Complaint, the interrogatories answered by the Plaintiff indicate that the injury for which this action seeks recovery is the emotional disturbance allegedly caused by harassment and psychological abuse of the Plaintiff over a long period of years in the course of his employment. The Plaintiff maintains that much of this alleged abuse arose from the Defendant's desire that the Plaintiff not participate in an engineer training program. In addition to citing various incidents designed to discourage his participation, the Plaintiff claims he saw a letter from a Maine Central superintendent to four foremen indicating that Maine Central did not want people like the Plaintiff involved in the training program. The Plaintiff contends that as a result of this harassment and psychological abuse, he suffered mental injuries for which he sought medical attention.

Generally, there can be no recovery for emotional disturbance under the FELA without some *precipitating* physical injury. In *Bullard v. Central Vermont Ry.*, 565 F.2d 193 (1st Cir.1977), the court held that a jury's award of damages was excessive to the extent that it compensated the plaintiff for psychological injuries not properly attributable to a physical injury. In that case, the court adopted as the general rule: " 'The mental suffering, for which damages can be recovered, therefore, is limited to that which result to the person injured, *as the necessary or natural consequence of the physical injury.*' " *Id.* at 197 (emphasis added) (*quoting Sullivan v. Old Colony Street Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908). In *Finn v. Consolidated Rail Corp.*, 622 F.Supp. 41 (D.Mass.1985) (order granting summary judgment), a case involving alleged negligence in record keeping by an employer which resulted in the mental suffering of an employee, the court cited *Bullard* in support of the position that "one cannot recover for emotional distress, unless there is some causally related compensable physical injury." *Finn* at 42. The court granted the employer's motion for summary judgment, noting that at most there was a record keeping error but that there was not a precipitating physical injury. *Finn* at 42. *See also Dickerson v. Saint Louis Southwestern Ry. Co.*, 674 S.W.2d 165, 172 (Mo.App.1984) ("An FELA claimant can recover damages for mental distress only where there is competent evidence that the mental distress is attributable to the accident in question.")

In the instant case, even assuming that the Defendant's conduct complained of was negligent in character and precipitated the Plaintiff's mental disturbance, there is nothing before the Court to indicate that there was the requisite physical injury. The only suggestion of any physical injury is in the Plaintiff's deposition, where he states he suffered from angina attacks and

general fatigue. Assuming that the Plaintiff did suffer from these ailments and that they do constitute a physical injury, they are not sufficient to enable the Plaintiff to recover under the FELA. First, there is no record made by Plaintiff on this motion to support the existence of a causal connection between either the fatigue or the angina allegedly suffered by the Plaintiff on one occasion and the actions of the Defendant. *See* Fed.R.Civ.P. 56(e) and Local Rule 19(b)(1) and (2). Plaintiff puts forth no evidence that any other physical injury was sustained by him.

Second, even if it was established that Plaintiff's alleged angina attack was a result of a mental disturbance of the Plaintiff, it would be a consequence of the mental disturbance and would not constitute the requisite *precipitating* physical injury.

In conclusion, there is no genuine issue of fact regarding the existence of the physical injury without which Plaintiff cannot recover under the FELA for mental or emotional distress. Accordingly, the Defendant's Motion for Summary Judgment is *GRANTED* and the Clerk is hereby directed to enter judgment in favor of the Defendant.

So ORDERED.