**Sharlene F. ELLIOTT, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, a Virginia corporation, Defendant.**

**Civ. A. No. 1:88–1437.**

United States District Court,
S.D. West Virginia,
at Bluefield.

July 24, 1989.

Kathryn Bayless, Princeton, W. Va., for plaintiff.

Wade Watson and David White, Sanders, Watson & White, Bluefield, W. Va., for defendant.

## ORDER

HALLANAN, District Judge.

This matter is before the Court via the Defendant's motion for summary judgment. After careful consideration the Court is prepared to rule on said motion.

The Plaintiff has brought suit under the Federal Employers' Liability Act (hereinafter FELA), 45 U.S.C. § 51 *et seq.*, against the Defendant, her employer from 1978–1987, for various alleged acts and omissions by officers and employees of the Defendant, which alleged acts have caused the Plaintiff to suffer mental anguish, emotional distress and pain and suffering. The alleged acts which have given rise to this action consist, in part, of the following: the assignment to work positions for which the Plaintiff was physically unsuited, the placement in positions for which she had not qualified, the manipulation of job assignments so as to force her to quit her job, unwarranted investigations of the Plaintiff, subjecting her to "write-ups", making derogatory remarks concerning the Plaintiff's physical appearance, and various other acts and omissions calculated to cause the Plaintiff severe distress. Complaint at 2–3. In all of this the Plaintiff alleges that the Defendant negligently failed to provide a safe workplace, negligently failed to provide proper supervision, negligently failed to provide proper work assignments and negligently failed to protect the Plaintiff from harassment, threats and intimidation. Complaint at 3–4. The Defendant has moved for summary judgment, contending that the Plaintiff cannot seek relief under FELA for alleged tortious conduct without physical contact or threat of physical contact.

Section 1 of the FELA, 45 U.S.C. § 51, which is the Act's main liability provision, provides that "[e]very common carrier by railroad ... shall be liable in damages to [employees] ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." The Act does not define negligence but derives guidance from common law developments, both federal and state. *See Urie v. Thompson*, 337 U.S. 163, 174, 69 S.Ct. 1018, 1026–27, 93 L.Ed. 1282 (1949). The Plaintiff alleges that the Defendant negligently harmed her, thus coming within the purview of the Act's negligence standard. The Plaintiff does not allege, however, that any physical contact caused her injury, but rather alleges that she was negligently subjected to mental distress which resulted in depression and subsequent disablement from railroad employment. The Plaintiff also does not allege that she has suffered any physical ailments beyond those associated with psychological injury. Memorandum of law in opposition to Defendant Norfolk and Western Railway Company's motion for summary judgment at 16. The Plaintiff merely alleges that she feared reinjuring her back, but does not contend that such occurred. Thus, the Court can only conclude that the Plaintiff has brought suit for the negligent infliction of emotional distress.

A number of courts have had the opportunity to consider claims for the negligent infliction of emotional distress under FELA. Upon review of these decisions, this Court is persuaded that the weight of authority goes against permitting the maintenance of an action under FELA for such a cause of action without a physical cause and/or physical manifestation beyond that

associated with psychological injury, as aforementioned.

The United States Supreme Court in *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), declined to decide whether claims for purely emotional injuries are cognizable under FELA. Lacking guidance from the Supreme Court as to this issue, this Court considered the post-*Buell* opinions of several circuit courts that have dealt with this issue.

The Sixth Circuit in *Adkins v. Seaboard System Railroad,* 821 F.2d 340 (6th Cir. 1987), *cert. den.,* 484 U.S. 963, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987), held that a claim for intentional infliction of emotional injury was not cognizable under FELA. While not reaching a determination as to a claim for the negligent infliction of emotional injury, the Court implied that it might not also allow such a recovery. *Id.* at 342.

The Seventh Circuit in *Hammond v. Terminal Railroad Assn.,* 848 F.2d 95 (7th Cir.1988), *cert. den.,* —— U.S. ——, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989), although not expressly basing its holding on a denial of a claim for the negligent infliction of emotional distress, cited with approval its previous decision in *Lancaster v. Norfolk & Western Ry.,* 773 F.2d 807 (7th Cir.1985), *cert. den.,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987), in which the Court held that FELA does not permit a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact.

The First Circuit in *Moody v. Maine Central Railroad Co.,* 823 F.2d 693 (1st Cir. 1987), stated that its earlier holding refusing recovery for purely emotional injury was in doubt in the wake of *Buell,* but also stated that *Buell* may have left "the door to recovery for wholly emotional injury somewhat ajar but not by any means wide open." *Id.* at 694. The Court declined to base its holding upon this issue, but this Court believes that the First Circuit shows a disinclination to permit recovery under FELA for purely emotional injuries.

From a review of case law, the Ninth Circuit would appear to be the only jurisdiction which has permitted recovery under FELA for purely emotional injuries. *See, e.g., Buell v. Atchison, Topeka and Santa Fe Ry. Co.,* 771 F.2d 1320 (9th Cir.1985), affirmed in part, vacated in part, 480 U.S. 557, 107 S.Ct. 1410; *Taylor v. Burlington Northern Railroad Co.,* 787 F.2d 1309 (9th Cir.1986); *Lewy v. Southern Pacific Transportation Co.,* 799 F.2d 1281 (9th Cir.1986).

In light of the weight of authority in the circuit courts which exhibits a reluctance to create a cause of action under FELA for emotional injuries; in light of the difficulty of assessing damages for emotional distress, especially in a case such as the instant one where the Plaintiff had a predisposition to emotional frailty and asserts a cause of action based upon alleged injury to that emotional state; in light of this Court's reluctance to recognize a cause of action for emotional distress under FELA, a statutory scheme enacted primarily to enable injured railroad workers to overcome the traditional defenses to tort liability such as contributory negligence, assumption of risk, contractual waiver of liability, and the fellow-servant rule, *see Lancaster,* 773 F.2d at 813; *Lewy,* 799 F.2d at 1287; H.R.Rep. No. 1386, 60th Cong., 1st Sess. (1908); S.Rep. No. 460, 60th Cong., 1st Sess. (1908); S.Rep. 661, 76th Cong., 1st Sess. (1939), all doctrines traditionally associated with physical tort claims; and in light of the fact that West Virginia does not recognize a cause of action for the negligent infliction of emotional distress, *see Harless v. First National Bank in Fairmont,* 289 S.E.2d 692 (W.Va.1982), the Court deems the grant of summary judgment appropriate, there being no dispute of any material fact.

Accordingly, the Defendant's motion for summary judgment is hereby ORDERED GRANTED. All matters herein being concluded, the Clerk is directed to remove this action from the docket of this Court.

IT IS SO ORDERED.