Catherine MASIELLO, Plaintiff,

v.

**METRO–NORTH COMMUTER RAILROAD, A SUBSIDIARY OF METROPOLITAN TRANSPORTATION AUTHORITY, and Consolidated Rail Corporation, Defendants.**

No. 87 Civ. 5057 (CHT).

United States District Court, S.D. New York.

Oct. 11, 1990.

Jesse C. Sable, P.C., New York City (Jesse C. Sable, Philip J. Dinhofer, of counsel), for plaintiff.

Siff, Rosen & Parker, P.C., New York City (Cathleen Giannetta, of counsel), for defendants.

## OPINION

TENNEY, District Judge.

Plaintiff Catherine Masiello brings this action pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* (1988), against her employer Metro–North Commuter Railroad ("Metro–

North"), and its predecessor, Consolidated Rail Corporation ("Conrail"). Plaintiff alleges that defendants were negligent in failing to protect her from various forms of sexual harassment which resulted in her suffering emotional and physical injuries. Defendants have moved for summary judgment arguing, *inter alia*, that plaintiff has failed to state a cause of action under the FELA, and alternatively, that they were not negligent as a matter of law.

For the reasons set forth below, the court finds that: (1) plaintiff has stated a cause of action under the FELA, and (2) whether defendants were negligent is a question of fact to be decided by a jury.

## BACKGROUND

Summary judgment shall be granted if the pleadings and other papers submitted show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, where the nonmoving party bears the burden of proof at trial—as in this case—it must come forward and show that there is a genuine issue of material fact to be decided by the factfinder. *Id.* at 324, 106 S.Ct. at 2553. *See Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990).[1] In deciding a summary judgment motion, all reasonable inferences and any ambiguities must be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curium). Accordingly, for purposes of deciding this

motion, the court will accept plaintiff's factual allegations as true.

The record establishes that defendant Conrail employed plaintiff as an engineer sometime prior to January 1, 1979.[2] On January 1, 1983, Conrail merged with Metro–North. Since that time, plaintiff has continued working as an engineer for Metro–North. Plaintiff claims that from the time she qualified as an engineer, and up until the present, she has been persistently subjected to various forms of sexual harassment. Since February, 1987, plaintiff has filed three Equal Employment Opportunity ("EEO") complaints for sexual harassment with Metro–North's Director of Affirmative Action alleging: (1) the existence of obscene graffiti in various railroad cars, (2) the making of sexually suggestive comments and noises over the railroad radio, (3) that she was sent home for being five minutes late to work, (4) that she was harassed for not wearing regulation boots on the job, (5) that she was harassed about time she took off work due to illness, and (6) that she was harassed by co-workers who told her she did not know how to operate machinery properly.[3] Plaintiff also claims to have been nonconsensually kissed, hugged, grabbed, and picked up off the ground by her co-workers. Deposition of Catherine Masiello, sworn to January 13, 1988, at 134–37, Exhibit 1 to Affidavit of Fredric M. Gold (hereinafter "Masiello Dep."). Although plaintiff allegedly made at least one oral complaint of these assaults, *id.* at 138, no allegations of physical abuse were included in any of her written complaints. As a result of the above mentioned sexual harrassment at work, plaintiff claims to suffer from a variety of emotional and physical injuries including anxiety, depression, and an ulcer.[4]

---

**1.** Plaintiff concedes that she failed to include a statement of material facts as to which there is a genuine issue in her papers opposing defendants' motion for summary judgment as required by Local Rule 3(g). She has requested, however, that the court accept and consider her untimely 3(g) statement. The court is treating plaintiff's request as a motion under Fed.R.Civ. Proc. 6(b), which is hereby granted.

**2.** The exact date on which plaintiff began working for Conrail is unclear and is not important for purposes of deciding this motion.

**3.** Plaintiff filed her first EEO complaint in February, 1987. She filed a second complaint later that month, and a third in August, 1989.

**4.** Plaintiff also claims to suffer from panic attacks, nightmares, irritability, restlessness, concentration problems, intrusive thoughts and im-

## DISCUSSION

### 1. *The Scope of the FELA*

 The FELA provides that

[e]very common carrier by railroad while engaging in [interstate] commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier....

45 U.S.C. § 51 (1988). Defendants argue that plaintiff's claim of injuries resulting from sexual harassment is not covered under the Act. There are strong arguments in favor of defendants' position. Most notably, there is nothing in the legislative history of the FELA which indicates that Congress intended the statute to cover claims of sexual harassment. Since presumably women did not usually work as railroad engineers when the Act was passed in 1908, the proper inquiry becomes whether this is the type of injury Congress would have intended to be covered if it had considered it. In making this determination, one must look to the original purpose of the Act. The FELA was enacted in response to "the special needs of railroad workers who are daily exposed to risks inherent in railroad work and are helpless to provide adequately for their own safety." *Sinkler v. Missouri Pacific R.R. Co.*, 356 U.S. 326, 329, 78 S.Ct. 758, 761, 2 L.Ed.2d 799 (1958) (citing *Tiller v. Atlantic Coast Line R.R. Co.*, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610 (1943)). The Act was designed to give railroad workers a federal remedy for injuries caused by the negligence of their employer or their co-workers, eliminate several traditional defenses, and facilitate recovery in those cases with merit. *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561, 107 S.Ct. 1410, 1413, 94 L.Ed.2d 563 (1987). Since

there is nothing about plaintiff's claim which makes it unique to the dangers of working on the railroad, so the argument goes, it is neither fair nor logical to allow her to benefit from the FELA's relaxed proof requirements simply because she happens to be a railroad employee.[5] In short, the argument is that the FELA should cover injuries sustained not *while* a plaintiff is employed by a railroad but *because* she is employed by a railroad.[6] Although the court finds such argument to be reasonable, a thorough review of precedent indicates otherwise.

 The FELA is a broad remedial statute and should be interpreted liberally in order to fulfill Congress' intent. *See Buell*, 480 U.S. at 561–62, 107 S.Ct. at 1413–14; *Urie v. Thompson*, 337 U.S. 163, 180–82, 69 S.Ct. 1018, 1029–31, 93 L.Ed. 1282 (1949); *Jamison v. Encarnacion*, 281 U.S. 635, 640, 50 S.Ct. 440, 442, 74 L.Ed. 1082 (1930). While the statute is to be given a broad interpretation, the intent of Congress is still the controlling factor in deciding what is covered under the statute and what is not. However, in discerning Congress' intent, the Supreme Court has focused on the broad language of the statute itself. Thus, in deciding that silicosis—a pulmonary disease—was a cognizable injury under the FELA, the Supreme Court noted:

We recognize of course that, when the statute was enacted, Congress' attention was focused primarily upon injuries and death resulting from accidents on interstate railroads. Obviously these were the major causes of injury and death resulting from railroad operations. But accidental injuries were not the only ones likely to occur. And nothing in either the language or the legislative history discloses expressly any intent to exclude from the Act's coverage *any injury re-*

---

ages, anger, flashbacks, headaches, nausea, eating disturbances, confusion, and crying spells.

**5.** Plaintiff does not allege that sexual harassment in the railroad industry is more pervasive than it is elsewhere.

**6.** This court has previously held a claim of emotional distress cognizable under the FELA. *See Halko v. New Jersey Transit Rail Operations, Inc.*, 677 F.Supp. 135 (S.D.N.Y.1987). However, the cause of the plaintiff's emotional distress in that case was ongoing harassment relating directly to his work as a railroad car inspector.

*sulting "in whole or in part from the negligence" of the carrier.* If such an intent can be found, it must be read into the Act by sheer inference.

*Urie,* 337 U.S. at 181, 69 S.Ct. at 1030 (citation omitted) (emphasis added). After noting that the language of the FELA is "as broad as could be framed," and that every injury suffered by an employee because of the railroad's negligence was made compensable, *id.,* the Court went on to find that

> [t]he wording [of the FELA] was not restrictive as to the employees covered; the cause of the injury, except that it must constitute negligence attributable to the carrier; or the particular kind of injury resulting.
>
> To read into this all-inclusive wording a restriction as to the kinds of employees covered, the degree of negligence required, or the particular sorts of harms inflicted, would be contradictory to the wording, the remedial and humanitarian purpose, and the constant and established course of liberal construction of the Act followed by this Court.

*Id.* at 181–82, 69 S.Ct. at 1030–31 (footnote omitted).

■ In giving the Act a "liberal construction," both the Supreme Court and the Second Circuit have recognized causes of action under the FELA for injuries which were caused by railroad negligence but were not what one would categorize as "railroad type injuries." *See e.g., Harrison v. Missouri Pacific R.R. Co.,* 372 U.S. 248, 83 S.Ct. 690, 9 L.Ed.2d 711 (1963) (intentional assault of a railroad employee by another employee); *Lillie v. Thompson,* 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947) (intentional assault of a railroad employee by a non-employee); *Gallose v. Long Island R.R. Co.,* 878 F.2d 80 (2d Cir.1989) (railroad employee bitten by a dog on railroad property); *Schneider v. National R.R. Passenger Corp.,* 854 F.2d 14 (2d Cir.1988) (employee attacked and robbed by unknown assailant); *Burns v.*

*Penn Central Co.,* 519 F.2d 512 (2d Cir. 1975) (brakeman shot and killed by sniper); *Hartel v. Long Island R.R. Co.,* 476 F.2d 462 (2d Cir.), *cert. denied,* 414 U.S. 980, 94 S.Ct. 273, 38 L.Ed.2d 224 (1973) (ticket agent shot and killed during a holdup).[7] Thus, in following the Supreme Court's language in *Urie,* the court will not deny plaintiff recovery under the FELA simply because her injuries—emotional distress and an ulcer—are the result of sexual harassment and are not those typical or unique to the business of railroads.

Defendants cite *Griggs v. National R.R. Passenger Corp., Inc.,* 900 F.2d 74 (6th Cir.1990), in support of their position that plaintiff's claim should be barred since it should have been brought under Title VII of the 1964 Civil Rights Act and not under the FELA. The plaintiff in *Griggs* sued under the FELA, claiming that her employer, Amtrak, negligently permitted racial and sexual discrimination and harassment directed at her. As a result, the plaintiff claimed to have suffered depression, neuromuscular problems, migraine headaches, insomnia, and an ulcer. The *Griggs* court held that the plaintiff's claims were not cognizable under the FELA since "[t]he FELA was not designed to create new substantive torts, but to protect railway workers in federal court from common law torts." 900 F.2d at 75. Thus, since the court found that "[t]he discrimination alleged by the plaintiff creates federal liability only because of Title VII," *id.,* and that there was "no legislative history supporting the proposition that Congress in enacting the FELA had any thought of providing a remedy for racial or sexual harassment," *id.* at 76, it held that the plaintiff's claim was preempted by Title VII. *Id.* at 77.

The court respectfully finds the *Griggs* case unpersuasive and declines to follow it. First, it should be noted that, unlike the case at hand, the *Griggs* case did not involve any allegations of physical harassment. Thus, had the plaintiff in *Griggs*

---

7. Although *Schneider* dealt with the duration of "employment" for purposes of the FELA, and *Gallose, Burns,* and *Hartel* with the foreseeability element of negligence, they all implicitly recognized that their respective underlying actions were cognizable under the FELA.

alleged an assault—a common law tort—she would have alleged more than "discrimination" and presumably would have been able to sue under the FELA.

■ Second, in refusing "to broadly read the earlier enacted FELA to provide a remedy for sexual and racial harassment when Congress has provided that remedy in Title VII[ ]," 900 F.2d at 77, the *Griggs* court failed to follow the Supreme Court's directive to construe the statute broadly, *see Buell,* 480 U.S. at 561–62, 107 S.Ct. at 1413–14; *Urie,* 337 U.S. at 180–82, 69 S.Ct. at 1029–31; *Jamison,* 281 U.S. at 640, 50 S.Ct. at 442, and its instructional language in *Urie* not to limit the type of injury recoverable under the FELA. Further, merely because a plaintiff can bring a Title VII action should not bar her from bringing an action under the FELA. The inquiry should not be whether plaintiff's claim might also be covered by Title VII, but rather whether she has made out a claim under the FELA. In short, plaintiff has alleged a valid FELA claim, which is not extinguished simply because her claims might also have been covered under Title VII. *Cf. Buell,* 480 U.S. at 564, 107 S.Ct. at 1415 ("fact that an injury otherwise compensable under the FELA was caused by conduct that may have been subject to arbitration under the [Railway Labor Act] does not deprive an employee of his opportunity to bring an FELA action for damages"); *Coppinger v. Metro–North Commuter R.R.,* 861 F.2d 33 (2d Cir.1988) (section 1983 claim not preempted by the Railway Labor Act). If any such restriction to the FELA

is to be made, the court thinks it is better that it come from Congress.

2. *Emotional vs. Physical Injury under the FELA*

■ Defendants next argue that plaintiff can not recover under the FELA since she has not alleged injuries resulting from any physical contact or threat of physical contact, or any physical injury. In short, defendants have characterized plaintiff's injuries as "purely emotional," and has urged the court to find that such injuries are not cognizable under the FELA. In *Atchison, Topeka & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), the Supreme Court raised the issue—without deciding it—of whether one can recover for purely emotional injury under the FELA. Of the various circuit courts which have considered the issue since *Buell* there is no consensus. *Compare Adkins v. Seaboard System R.R.,* 821 F.2d 340 (6th Cir.), *cert. denied,* 484 U.S. 963, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987) (intentional tort resulting in purely emotional injury is not cognizable under the FELA); *Hammond v. Terminal R.R. Ass'n of St. Louis,* 848 F.2d 95 (7th Cir. 1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989) (no recovery for emotional injury without physical contact); *with Taylor v. Burlington Northern R.R. Co.,* 787 F.2d 1309 (9th Cir.1986) (wholly mental injury recoverable). There is much case law to support defendants' contention that FELA actions lacking any physical component should be disallowed.[8]

---

**8.** *See e.g., Adkins v. Seaboard System R.R.,* 821 F.2d 340, 342 (6th Cir.), *cert. denied,* 484 U.S. 963, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987) (intentional tort resulting in purely emotional injury not cognizable under the FELA); *Lancaster v. Norfolk and Western Ry. Co.,* 773 F.2d 807, 813 (7th Cir.1985), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987) ("FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact"); *Gillman v. Burlington Northern R.R. Co.,* 878 F.2d 1020, 1023 (7th Cir.1989) (to recover for negligent infliction of emotional distress under the FELA plaintiff must show that there was a "high risk of physical impact from the defendant's negligent act"); *Teague v. National R.R. Passenger Corp.,* 708 F.Supp. 1344, 1347 (D.Mass 1989)

(mental distress recoverable when accompanied by physical injury, illness, or other physical manifestation); *Ray v. Consolidated Rail Corp.,* 721 F.Supp. 1017, 1019 (N.D.Ill.1989) (to recover under the FELA injury must stem from physical conduct); *Elliott v. Norfolk & Western Ry. Co.,* 722 F.Supp. 1376, 1377 (S.D.W.Va.1989), *aff'd on other grounds,* 910 F.2d 1224 (4th Cir. 1990) (cause of action must have a physical cause and/or physical manifestation); *Moody v. Maine Central R.R. Co.,* 620 F.Supp. 1472, 1473 (D.Me.1985), *aff'd,* 823 F.2d 693 (1st Cir.1987) (no recovery under the FELA for emotional disturbance without precipitating physical injury); *Amendola v. Kansas City Southern Ry. Co.,* 699 F.Supp. 1401, 1409 (W.D.Mo.1988) (claim for negligent infliction of emotional distress un-

However, the record reveals that plaintiff suffers not only emotional, but also at least one physical injury—an ulcer. Thus, the court need not decide the narrow issue presented in *Buell.*

Although plaintiff suffers from an ulcer, defendants claim that such an injury is merely a physical manifestation of her emotional problems and therefore does not meet the physical injury requirement to state a claim under the FELA. Defendants cite *Elliott v. Norfolk & Western Ry. Co.,* 722 F.Supp. 1376 (S.D.W. Va.1989), *aff'd on other grounds,* 910 F.2d 1224 (4th Cir. 1990), and *Rose v. National R.R. Passenger Corp.,* Civ. No. 88–0955 (D.D.C. Sept. 27, 1989), in support of their position. Since neither the plaintiff in *Elliott* or *Rose* suffered from any discrete physical injury, however, the court finds these cases unpersuasive. In *Elliott,* the plaintiff alleged that her employer negligently caused her to suffer "mental anguish, emotional distress, and pain and suffering." 722 F.Supp. at 1377. The court found that "the weight of authority goes against permitting the maintenance of an action under FELA for such a cause of action without a physical cause and/or physical manifestation beyond that associated with psychological injury[.]" *Id.* at 1377–78. However, the court's opinion does not state what physical manifestations of psychological injury the plaintiff suffered from. Unlike this case, where plaintiff has suffered an ulcer, nothing in the *Elliott* opinion indicates that the plaintiff suffered from any type of manifest physical injury.

In *Rose,* the plaintiff charged her employer with negligent supervision of its employees, resulting in her suffering "severe depression and physical symptoms associated with work related stress" and "severe

physical and mental anguish." *Rose* at 6–7. The court found that "[c]alling 'anguish' 'physical' does not make it so," *id.* at 7, and noted that under District of Columbia law "physical manifestations of emotional problems are not enough to meet the physical injury element of a negligent infliction of emotional distress claim." *Id.* (citation omitted). As in *Elliott,* however, there is no indication that the plaintiff in *Rose* suffered any clear physical ailment. Thus, the court finds that plaintiff's ulcer is sufficient to meet the physical injury requirement for her emotional distress claim.[9]

Furthermore, defendants cite numerous cases for the proposition that plaintiff's injuries are not recoverable under the FELA unless they were caused by physical contact or the threat of physical contact. Without deciding whether they have correctly stated the law, the court notes that defendants have disregarded the facts of this case. Plaintiff has alleged defendants' negligence in failing to protect her from the "assaultive behavior of [their] employees." Third Amended Complaint at ¶ 11. In support of her allegation, plaintiff has submitted her deposition testimony in which she recounts various incidents of being uninvitingly kissed, hugged, grabbed, and physically lifted off the ground. Masiello Dep. at 134–38. Thus, plaintiff has clearly alleged that her injuries were caused at least in part by physical contact.

In light of the fact that plaintiff has alleged both physical contact in causing her injuries and a significant physical injury, the court finds that plaintiff has stated a cause of action for the negligent infliction of emotional distress under the FELA.[10]

---

der the FELA must allege "physical harm which either caused or was caused by the emotional distress").

**9.** Because plaintiff has established a significant physical injury, and has therefore met the "physical injury" test put forth by defendants, the court does not reach the issue of whether purely emotional injury would be cognizable under the FELA.

**10.** The Supreme Court has hinted that claims of more than "pure emotional injury"—as in this case—support a cause of action under the FELA. The Court noted that once the facts in *Buell* developed, it might not present the narrow issue of pure emotional injury since the plaintiff had testified to at least one episode of assault by some co-workers, and claimed to have suffered physical symptoms relating to his emotional problems. 480 U.S. at 570 n. 22, 107 S.Ct. at 1418 n. 22 (citations to record omitted).

### 3. *Respondeat Superior vs. Direct Negligence*

Defendants' further argue that they should not be liable for the acts of sexual harrasment committed by their employees since these acts were motivated by personal reasons and were not in furtherance of the railroads' goals. Apparently, defendants are asserting a defense to a respondeat superior claim. In a recent case the Second Circuit stated that

> [u]nder the FELA, [to recover under a theory of respondeat superior] not only must the *injured employee* be acting within the scope of employment at the time of injury, but *the employee whose conduct causes the injury* must also be acting within the scope of his employment. Thus, under the FELA employers are liable for the negligence of their employees only if it occurs within the scope of employment, and no liability attaches when an employee acts "entirely upon his own impulse, for his own amusement, and for no purpose of or benefit to the defendant employer."

*Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 83 (2d Cir.1989) (emphasis in original) (quoting *Copeland v. St. Louis–San Francisco Ry. Co.*, 291 F.2d 119, 120 (10th Cir. 1961); other citations omitted). However, plaintiff claims that her injuries were caused "solely through the *negligence of the Defendant[s]* in failing to provide [her] with a safe place to work and a safe environment in which to work." Joint Pre–Trial Order at 5 (emphasis added); *see also,* Plaintiff's Memorandum in Opposition at 11–13 (plaintiff claiming direct negligence of defendants). Since plaintiff is claiming recovery not under respondeat superior but rather for defendants' direct negligence, it is not necessary for her to show that the underlying act which caused her injury was done in furtherance of the railroad's goals. *See Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807 (7th Cir.1985), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987). *See also, Lillie v. Thompson*, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947); *Harrison v. Missouri Pacific R.R. Co.*, 372 U.S. 248, 83 S.Ct. 690, 9 L.Ed.2d 711 (1963); *Gallose v. Long Island R.R. Co.*, 878 F.2d 80 (2d Cir.1989); *Schneider v. National R.R. Passenger Corp.*, 854 F.2d 14 (2d Cir.1988); *Hartel v. Long Island R.R. Co.*, 476 F.2d 462 (2d Cir.), *cert. denied*, 414 U.S. 980, 94 S.Ct. 273, 38 L.Ed.2d 224 (1973); *Burns v. Penn Central Co.*, 519 F.2d 512 (2d Cir.1975).

### 4. *Intentional vs. Negligent Infliction of Emotional Distress*

Defendants next argue that plaintiff has not made out a claim for intentional infliction of emotional distress. Specifically, defendants claim that the acts of harassment which plaintiff alleges were not "extreme and outrageous" as required under New York law.[11] *See Bower v. Weisman*, 639 F.Supp. 532, 541 (S.D.N.Y.1986); *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 992, 373 N.E.2d 1215, 1216 (1978). However, the court need not determine whether defendants' conduct was "extreme and outrageous" since plaintiff has made it quite clear that she is alleging *negligent*—not intentional—infliction of emotional distress.[12] Plaintiff's Memorandum in Oppo-

---

**11.** New York law on intentional infliction of emotional distress is fully consistent with the majority rule among the states. *See Buell*, 480 U.S. at 568–69 n. 16, 107 S.Ct. at 1417–18 n. 16 ("'The tort of intentional infliction of emotional distress as described in § 46 of the Restatement [ (Second) of Torts] can be safely characterized as the general rule in the United States.... As of 1977, 37 jurisdictions had recognized the tort.'" (quoting *Leithead v. American Colloid Co.*, 721 P.2d 1059, 1066 (Wyo.1986))).

**12.** Although the Supreme Court noted in *Buell* that "unconscionable abuse" was a prerequisite to recovery for purely emotional injury, the Court was apparently referring to a claim for intentional—not negligent—infliction of emotional distress. 480 U.S. at 566 n. 13, 107 S.Ct. at 1416 n. 13 (citing n. 18 which relates to the Court's discussion of intentional infliction of emotional distress). Interestingly, a cursory review of New York law on negligent infliction of emotional distress indicates that New York does not follow the majority rule which requires some manifestation of physical injury in order for a plaintiff to recover. *Compare* Restatement (Second) of Torts § 436A (1965); W. Prosser & W. Keeton, The Law of Torts § 54 (5th Ed. 1984); *with Kennedy v. McKesson*, 58 N.Y.2d 500, 504, 462 N.Y.S.2d 421, 423, 448 N.E.2d 1332, 1334 (1983); *Hoffman v. Board of Ed. of New York City*, 64 A.D.2d 369, 385, 410 N.Y.S.2d

sition at 13–14. Plaintiff alleges that the injuries she suffered from the sexual harassment were caused

> solely by reason of the negligence of the defendants, their agents, servants and employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe environment in which to work; in failing to protect plaintiff from the sexual harassment and assaultive behavior of its employees despite repeated complaints and requests to do so; in failing to make proper and adequate provision for the safety of the plaintiff; in failing to provide proper facilities for the plaintiff; in failing to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant[s] [were] otherwise generally negligent under the circumstances.

Third Amended Complaint at ¶ 11. Furthermore, since plaintiff is seeking to recover for *defendants'* negligence, defendants' focus on the acts of plaintiff's co-workers seems to be misplaced. While the court is aware that the word "negligence" in the FELA has been broadly construed to include some intentional torts, *see Buell,* 480 U.S. at 562 n. 8, 107 S.Ct. at 1414 n. 8 (and cases cited therein), a thorough reading of both plaintiff's complaint and memorandum of law indicates that she is seeking to recover solely for defendants' "traditional" negligence.

**5. *Defendants' Negligence Under the FELA***

■ Next, defendants argue that even if the court finds that plaintiff has stated a cause of action under the FELA, it should find that they were not negligent as a matter of law. The Supreme Court has held that under the FELA, a case should go to a jury if a reasonable jury could find that "employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957) (footnotes omitted). Thus, "the role of the jury is significantly greater in ... FELA cases than in common law negligence actions[,]" and the right of the jury to pass upon the railroad's liability "must be most liberally viewed." *Johannessen v. Gulf Trading & Transp. Co.,* 633 F.2d 653, 656 (2d Cir.1980); *Gallose,* 878 F.2d at 84; *Eggert v. Norfolk & Western Ry. Co.,* 538 F.2d 509, 511 (2d Cir.1976).

In support of their argument, defendants have submitted extensive documentation regarding the investigation which was conducted concerning plaintiff's EEO complaints. The uncontroverted reports submitted by defendants show that plaintiff's complaints were taken quite seriously and that every single allegation which she made was fully investigated. Moreover, as to those complaints capable of immediate correction, such as the graffiti in the railroad cars, timely remedial measures were taken. Defendants claim, however, that the investigation was brought to a halt when plaintiff failed to cooperate. Plaintiff admits that she failed to cooperate with the investigation but claims that she did so because when she went to speak with the EEO officer concerning her first set of allegations, he said "tisk, tisk, tisk" while he was reading through the nine page complaint. Masiello Dep. at 139. Further, defendants have failed to indicate what action, if any, was taken with respect to the oral complaint(s) plaintiff claims to have made concerning the incidents of physical abuse.[13] While the court acknowledges that the evidence on the issue of negligence weighs extremely heavily in favor of defen-

---

99, 110 (2d Dept.1978), *rev'd on other grounds,* 49 N.Y.2d 121, 424 N.Y.S.2d 376, 400 N.E.2d 317 (1979). However, since, as discussed above, plaintiff has suffered a physical injury—and therefore has met the stricter majority requirement—the court need not decide whether to follow the New York rule in this case.

**13.** Plaintiff claims to have made at least one oral complaint concerning the incidents of physical abuse to a woman named Sharon Seaberg. It is unclear what exact position Ms. Seaberg held when plaintiff made her oral complaint to her. However, plaintiff indicated in her deposition that Ms. Seaberg is currently in a program which works on complaints of women. Masiello Dep. at 138.

dants, it finds that a reasonable jury—if it were to believe plaintiff's reason for not cooperating with the EEO investigation and that she did in fact lodge oral complaints of physical abuse which went unanswered—could find defendants at least slightly negligent in causing plaintiff's injuries.

The court has reviewed defendants' statute of limitations argument and finds it to be without merit.

## CONCLUSION

For the reasons set forth above, the court finds that plaintiff has stated a cause of action under the FELA. In addition, there is sufficient evidence for a jury to find that defendants were at least slightly negligent under the circumstances. Therefore, defendants' motion for summary judgment is denied.

So ordered.