**Jessy J. WILSON, Sr., Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

No. 91–CV–947.

United States District Court, N.D. New York.

March 12, 1993.

McClung Peters & Simon, Albany, NY (Jeremy R. Feedore, of counsel), for plaintiff.

McNamee Lochner Titus & Williams, Albany, NY (Paul E. Scanlan, of counsel), for defendant.

### MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

On January 15, 1993, this court granted defendant Consolidated Rail Corporation's ("Conrail") motion for summary judgment on the ground that plaintiff Jessy J. Wilson, Sr. had failed to establish a *prima facie* case of negligent infliction of emotional distress. Mr. Wilson now moves for reconsideration of this decision based upon his assertion that

"[c]ertain questions regarding New York law need to be more fully addressed before the Court can properly render its decision." *See* Plaintiff's Memorandum of Law at 1. In opposition, Conrail argues that Mr. Wilson is not entitled to reconsideration because he has failed to state sufficient grounds under the applicable law to warrant such relief. *See* Defendant's Memorandum of Law at 2.

## BACKGROUND

The facts underlying this action were set forth in detail in this court's memorandum-decision and order dated January 15, 1993. *See Wilson v. Consolidated Rail Corp.*, 810 F.Supp. 411 (N.D.N.Y.1993). Therefore, the court will reiterate only those facts which are necessary to its determination of the present motion. Mr. Wilson commenced this action against his employer Conrail pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, to recover damages for injuries he sustained while employed by Conrail. *Id.* at 411. His cause of action was based upon a claim of negligent infliction of emotional distress. As the court stated in its decision

[i]n order to decide whether plaintiff's cause of action can withstand defendant's motion for summary judgment, the court must make two determinations. First, the court must ascertain whether plaintiff has established the existence of the elements essential to his claim of negligent infliction of emotional distress. *See Celotex [Corp. v. Catrett]*, 477 U.S. [317,] 322, 106 S.Ct. [2548,] 2552, 91 L.Ed.2d [265,] 273 [ (1986) ]. If the answer to this inquiry is "yes," then the court must decide if plaintiff has established that a genuine issue of material fact exists as to whether such a claim is cognizable under the FELA when the injuries complained of are purely emotional.

*Wilson*, at 415.

In order to make its first determination, the court looked for guidance to New York substantive law. After reviewing the applicable case law, the court concluded that

[a]lthough physical injury or impact is no longer required to maintain a cause of action for negligent infliction of emotional distress in New York, the plaintiff must nevertheless demonstrate that he was put in fear for his personal safety as a result of a traumatic event. (citations omitted) Moreover, such a cause of action requires that the plaintiff show that the defendant engaged in extreme or outrageous conduct recklessly causing severe emotional injury. (citations omitted)

*Wilson*, at 416.

The court also noted that "[a]lthough plaintiff appears to agree with the court that New York substantive law provides the relevant rules of decision for this issue, he makes no effort to apply the applicable law to the facts of this case." *Id.* at 416. Thus, the court concluded that because plaintiff had failed to allege any facts which demonstrated that Conrail's actions either endangered his physical safety or put him in fear of such safety, he had failed to establish a *prima facie* case of negligent infliction of emotional distress under New York law. *Id.* at 417. Based upon this conclusion, the court held that no genuine issue of material fact existed with respect to his claim and that, therefore, Conrail was entitled to judgment as a matter of law. *Id.* Accordingly, the court granted Conrail's motion for summary judgment.

## DISCUSSION

Mr. Wilson faces a heavy burden in pursuing this motion because

[t]here are generally only three circumstances under which a court will agree to reconsider a prior decision. To successfully prevail upon the court to reconsider, the moving party must show the existence of either: (1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice.

*McLaughlin v. State of New York*, 784 F.Supp. 961, 965 (N.D.N.Y.1992) (citing *Wilson v. Great Amer. Indus.*, 770 F.Supp. 85, 89 (N.D.N.Y.1991) (McCurn, C.J.) (citing in turn *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied sub nom, Catholic Home Bureau v. Doe*, 464 U.S. 864, 104 S.Ct. 195, 78

L.Ed.2d 171 (1983))); *see also Pal v. Albany County Dep't of Social Servs.*, No. 92–CV–226, 1992 WL 170694, 1992 U.S.Dist. LEXIS 10534 (N.D.N.Y. June 16, 1992) (McCurn, C.J.); *Stilloe v. Almy Bros., Inc.*, 782 F.Supp. 731, 733 (N.D.N.Y.1992) (McCurn, C.J.).

With respect to this last ground for reconsideration, the Second Circuit has stated that "[i]t is not enough, ..., that the [moving party] now make a more persuasive argument ... The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated, ..." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964) (citing in turn *Johnson v. Cadillac Motor Car Co.*, 261 F. 878, 886 (2d Cir.1919))).

Plaintiff does not state upon which of these grounds he bases his motion for reconsideration. The court notes, however, that nowhere in his memorandum of law does plaintiff refer to any intervening change of controlling law or the availability of new evidence. Therefore, the court must assume that plaintiff's motion is based upon his contention that the court should reconsider its previous decision to correct a clear error or prevent manifest injustice. In support of his motion, plaintiff offers two arguments. First of all, he asserts that "[b]ecause plaintiff suffered a physical injury herein, namely a stomach disorder, the question of the applicability of New York precedent regarding purely emotional injuries need not be addressed." *See* Plaintiff's Memorandum of Law at 2. Alternatively, plaintiff avers that even assuming "[t]hat plaintiff suffered only an emotional injury it was the result of grossly negligent conduct and thus is actionable herein." *See* Plaintiff's Memorandum of Law at 3.

■ These arguments are not new. In fact, the court considered both of them in reaching its decision to grant Conrail's motion for summary judgment and found neither one persuasive. First of all, in his opposition to Conrail's summary judgment motion, plaintiff failed to direct this court's attention to any concrete evidence of his

stomach disorder. Nor did he disclose the nature or the extent of this problem to the court. He merely asserted that he suffered from such an ailment. There is no question that plaintiff had ample opportunity to present such evidence to the court at the time it considered Conrail's motion for summary judgment. Having failed to do so, he cannot now resort to a motion for reconsideration to present evidence that was available to him prior to the time the court originally considered this matter. Furthermore, even if the court were to allow plaintiff some latitude in this regard, he has come forward with no new facts or evidence concerning his vague stomach disorder which would lead this court to conclude that it clearly erred in its determination that plaintiff's injuries were purely emotional.

Nor, despite plaintiff's assertion, does the decision in *Masiello v. Metro–North Commuter R.R.*, 748 F.Supp. 199 (S.D.N.Y.1990), mandate a different result. In *Masiello*, the plaintiff suffered not only emotional injuries but also an ulcer. The defendants argued that plaintiff's ulcer was "[m]erely a physical manifestation of her emotional problems and therefore does not meet the physical injury requirement to state a claim under the FELA," *id.* at 205, citing *Elliott v. Norfolk & Western Ry. Co.*, 722 F.Supp. 1376 (S.D.W.Va.1989), *aff'd on other grounds*, 910 F.2d 1224 (4th Cir.1990) and *Rose v. National R.R. Passenger Corp.*, Civ. No. 88–0955 (D.D.C. Sept. 27, 1989), in support of their position. The court disagreed, however, finding *Elliott* and *Rose* distinguishable based upon its conclusion that the plaintiffs in those cases had not "[s]uffered any discrete physical injury," *id.*, whereas, to the contrary, Ms. Masiello's ulcer was a "significant physical injury." *id.* n. 9. Given the evidence before it, this court concludes that plaintiff's rather nebulous reference to a "stomach disorder" is more akin to the description of the injuries suffered by the plaintiffs in *Elliott* and *Rose* than it is to the injury suffered by the plaintiff in *Masiello*. Accordingly, the court holds that it did not err when it concluded that plaintiff suffered purely emotional injuries.

Alternatively, plaintiff argues that even if he suffered purely emotional injury, such injury resulted from Conrail's grossly negligent conduct. *See* Plaintiff's Memorandum of Law at 3–4. In support of this argument, plaintiff relies upon the same cases which the court considered in its January 15, 1993, decision. With respect to these cases, plaintiff originally argued that they demonstrated that "New York courts are evolving in the same direction as the Fifth Circuit Court of Appeals in *Plaisance*, 937 F.2d 1004 (5th Cir.1991)."[1] *See* Plaintiff's Memorandum of Law in Opposition to Conrail's Motion for Summary Judgment at 13. He now argues that

> [i]n each case, the plaintiff was beset by egregiously [sic] traumatic situations, which were characterized as *grossly negligent conduct* on the part of the defendants involved. Similarly, there was a pattern of grossly negligent conduct on the part of plaintiff's supervisors in the case at bar, which, although never placing plaintiff directly in harm's way, caused him to suffer severe emotional injury.

*See* Plaintiff's Memorandum of Law at 4 (emphasis in original).

Plaintiff could have made this same argument in opposition to Conrail's motion for summary judgment. For whatever reason, he chose not do so. Nor in his memorandum of law in support of his present motion has he set forth any facts which would lead the court to conclude that Conrail's conduct was "grossly negligent." Moreover, the court stands by its original finding that these cases are easily distinguishable on their facts. Therefore, the court holds that its conclusion that plaintiff "[f]ailed to establish the existence of the essential elements of his *prima facie* case of negligent infliction of emotional distress" was not clearly erroneous. *Wilson*, at 417.

### CONCLUSION

For the reasons stated above, the court concludes that plaintiff has demonstrated no grounds to warrant reconsideration of this court's January 15, 1993, decision granting Conrail's motion for summary judgment. Accordingly, the court denies plaintiff's motion for reconsideration of this matter.

IT IS SO ORDERED.

---

1. As the court noted at that time, the Fifth Circuit reconsidered *Plaisance* en banc and rejected the full recovery theory which formed the basis for the original panel's decision.