**Corey LEICHING, Plaintiff,**

**v.**

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**CONSOLIDATED RAIL CORPORATION, Third-Party Plaintiff,**

**v.**

**MIRON BUILDING PRODUCTS CO., Big V Supermarkets, Third-Party Defendants.**

**No. 92-CV-1170.**

United States District Court, N.D. New York.

July 13, 1994.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ianniello, Anderson Law Firm, Clifford Park, NY, Chris N. Luhn, of counsel, for plaintiff.

McNamee, Lochner Law Firm, Albany, NY, Paul E. Scanlon, of counsel, for defendant Conrail.

Thuillez, Ford Law Firm, Albany, NY, Donald P. Ford, Jr., of counsel, for defendants Miron and Big V.

## MEMORANDUM–DECISION
## AND ORDER

McAVOY, Chief Judge.

Defendant and third party plaintiff Conrail has moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of an Order of this court dated March 19, 1994, which granted summary judgment in favor of third party defendants Miron Building Products and Big V Supermarkets. In the alternative, Conrail has requested leave to reargue the summary judgment motion.

■ There are generally only three circumstances under which a court will agree to reconsider a prior decision. To successfully prevail, the moving party must show the existence of: (1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice. *Wilson v. Consolidated Rail Corp.*, 815 F.Supp. 585 (N.D.N.Y.1993) (citing cases); *see McLaughlin v. New York, Governor's Office of Employee Relations*, 784 F.Supp. 961, 965 (N.D.N.Y.1992). With this standard in mind, the court will address Conrail's motions.

### I. Background

This action is for personal injuries arising out of a pedestrian and locomotive accident. From the record, it appears that on or about October 3, 1989, at approximately 2:00 am, the plaintiff was struck by a locomotive while on Conrail property. At the time of the accident, the plaintiff was 20 years old and has testified that in the 12 hours prior to the accident, he consumed 3 or 4 bottles of beer. Plaintiff has alleged that after entering the track area through the parking lot of the Big V Supermarket, he proceeded to walk a half mile along a beaten path next to the tracks. At this point the plaintiff alleges that he tripped over an unidentified obstacle and was knocked unconscious. The plaintiff unfortunately landed between the tracks and remained there until he was struck by a southbound train at approximately 2:00 am.

The plaintiff commenced this action against Conrail on the basis of negligence. Conrail has subsequently commenced a third party action against Miron Building Products Company, and Big V Supermarkets. Big V was named because it owned and operated the Shop Rite supermarket where Corey gained access to the tracks. Miron Building Products was named in the mistaken belief that it was the owner of the property where the Shop Rite was located.[1]

After considering the papers submitted and listening to oral argument from both parties, the court, on March 14, 1994, issued a bench decision dismissing Conrail's third party complaint against Miron Building Products and Big V Supermarkets. In support of this conclusion, the court articulated that Conrail had failed to establish the existence of a legal duty owed by the third party defendants and failed to show unreasonable conduct on the defendants' part.

### II. Analysis

■ In its motion for reconsideration, Conrail argues that the granting of summary judgment was premature given the fact that discovery was incomplete. *See* Fed.R.Civ.P. 56(f); *National Life Ins. Co. v. Solomon*, 529 F.2d 59 (2d Cir.1975). At the time the motions were first heard, the parties had exchanged written interrogatories but had yet to take depositions. Conrail avers that the deposition testimony of witnesses will develop facts as to the existence and nature of a beaten path upon which the plaintiff alleges he entered Conrail's property. It is Conrail's contention that such information is material to the question at hand, and therefore, mandates this court's previous summary judgment order be vacated. The court does not agree.

As stated in the court's previous decision, in order to prove negligence, Conrail must demonstrate (1) the existence of a legal duty owed by these defendants to the plaintiff; (2) a breach of that duty; and (3) injury to plaintiff proximately resulting from such a

1. The actual owner of the property in question has been determined to be the Airport Realty Company.

breach. *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (Ct.App.1981). In the case at bar, Conrail has failed to establish, as a matter of law, these elements.

The New York Court of Appeals, in the case of *Basso v. Miller*, 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (Ct.App.1976), adopted a single standard of liability requiring an owner to maintain reasonably safe conditions in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. *Id.* 386 N.Y.S.2d at 568, 352 N.E.2d at 872; *see also Fellis v. Old Oaks Country Club, Inc.*, 163 A.D.2d 509, 558 N.Y.S.2d 183, 184 (2d Dep't 1990); *Larini v. Biomass Industries, Inc.*, 918 F.2d 1046, 1052 (2d Cir.1990); *Huang v. Lee*, 734 F.Supp. 71, 72 (E.D.N.Y.1990).

While what degree of care is reasonable ordinarily presents a jury question, "[i]n any negligence case the court must always determine as a threshold matter whether the facts will support an inference of negligence or lack of negligence." *Scurti v. City of New York*, 40 N.Y.2d at 433, 387 N.Y.S.2d 55, 354 N.E.2d 794 (Ct.App.1976) (citations omitted). Numerous factors are to be considered to determine whether any inference of negligence can be drawn from a particular set of facts. Where the injury occurred, the dangerousness of the property or the risk of injury posed by the property are relevant factors and must be balanced against the utility of the property and the public interest in the free use of property. *Id.* at 442, 387 N.Y.S.2d 55, 354 N.E.2d 794. The foreseeability of the plaintiff's presence at the time and place of the injury is another important factor. *Id.* at 442, 387 N.Y.S.2d 55, 354 N.E.2d 794.

Taking these considerations into account, this court concludes that the third party defendants did not, as a matter of law, breach their duty of care to the plaintiff by failing to warn or failing to fence in the property adjacent to the railroad tracks. Support for this conclusion lies on several pillars. First, the property in question is not inherently dangerous or defective. It does not include dangerous traps, pitfalls or hidden defects. The

entire underpinnings of the Conrail's allegation of dangerousness is the fact that the property is situated next to Conrail's railroad tracks.

Additionally the plaintiff's injuries did not occur on the third party defendants' property. It is undisputed that the plaintiff walked approximately half a mile along the tracks before he tripped and struck his head. With each step the plaintiff took that fateful night in October, the foreseeability of such an injury by Miron Building Products or Big V Supermarkets decreased. *See Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 162 N.E. 99. Where should the line be drawn? One hundred feet? Two hundred feet? Half a mile? Two miles? There can be no bright line standard to make such a determination. Such decisions must be made on a case by case basis and it is this court's decision that the fact that the plaintiff traveled one half of a mile from the third party defendants' property, takes him outside the realm of foreseeability upon which liability may be based.

Furthermore, while it is well established that the law exacts a greater standard of care for those who are unable to care for themselves, such a infants, the aged, or the infirmed, such are not the facts of this case. The plaintiff at bar was an adult who was clearly aware of the character of the property he was traversing. Moreover, when balancing the risk of injury posed by the property against the utility of the property and the public interest in the free use of property, the scales tip decidedly in favor of granting summary judgment. It would be cost prohibitive and unwarranted to impose upon every owner of property adjacent to a railroad to erect a fence on its property or to provide warnings of the dangers associated with railroads.

## III. Conclusion

In sum, for the reasons previously articulated, the court finds Conrail's arguments for reconsideration unpersuasive. The development of facts as to the existence and nature of a beaten path upon which the plaintiff alleges he entered Conrail's property would not affect the court's decision to grant summary judgment. Accordingly, both the re-

quest for reconsideration and the request for leave to reargue must be denied.

**IT IS SO ORDERED.**